JAMES E. OLDHAM *vs.* THE STATE, USE OF MARY E. CROTHERS.—*June*, 1847. E. S.

The acts of 1781, ch. 13, and its supplements, are final in their character, and supersede the former laws punishing the offence of fornication.

The proceedings under those acts are treated by the law as criminal proceedings.

Under the act of 1796, ch. 34, the mother or other person maintaining the child, may obtain the fruits of the recognizance required to be taken in such cases. They are substituted for the county, but this does not at all change the character of the proceeding.

The father of an illegitimate child committed under a *ca. sa.*, for violation of his recognizance to maintain the child, cannot relieve himself by application under the insolvent laws.

Where the recognizance to indemnify the county for the support of an illegitimate child becomes insufficient by reason of the insolvency of the security, the county court may order the father to enter into a new recognizance, and no appeal lies from such an order.

APPEAL from *Cecil* County Court.

On the 16th October, 1843, the recognizance of the appellant and another, that he should indemnify the county from all charges that might arise for the maintenance of an illegitimate female child, born on the 27th June, 1842, was filed in said county court. On the application and affidavit of the mother, it appeared that she had maintained the child from the 27th June, 1842, to 27th June, 1843, at which time it was of the age of one year, and the court ordered the appellant to pay the sum of thirty dollars to the said *M. E. C.* Afterwards on the 13th March, 1844, a *fieri facias* was issued against the appellant and

his surety to pay said sum, on which, judgment of *fiat* was entered upon their default to appear. On this a *fi. fa.* was sued out. This was countermanded, and a *ca. sa.* issued on the 25th October, 1844, on which the appellant was returned *cepi* and committed.

On the application and suggestion of the mother, that the recognizance was insufficient and admission that the security was insolvent; it also appeared that *J. E. O.*, on the 4th June, 1845, petitioned for relief under the insolvent laws. At April term, 1846, the county court being of opinion that the discharge of the insolvent would not affect the debt or fine claimed under the recognizance, granted him the usual discharge under the act of 1805.

The appellant then moved the county court to quash the *ca. sa.* under which he was committed, upon the ground that the judgment on which it was rendered, was rendered before his application aforesaid for relief.

The parties thereupon filed the following statement of facts.

In this case it is admitted that *Mary E. Crothers* of *Cecil* county, was on the 27th of June, 1842, delivered of an illegitimate child, of which *James E. Oldham* of said county was the father; that the said *J. E. O.* on the 14th day of October, 1843, entered into a recognizance to the State of *Maryland*, with *William M. Biddle* as his surety, for the support and maintenance of the said child, until it reached the age of seven years; that the said *Mary E. Crothers* has supported and maintained the said child, and that she obtained an order against the said *Oldham*, and *Biddle* his surety, for the payment of an adequate amount for the support of her child; that said *Oldham* and *Biddle* refused and neglected the payment of the said sum of money, and that a judgment was recovered in *Cecil* county court for the same, and that the same is still unpaid; that the said *Oldham* is at this time utterly insolvent, and a petitioner for the benefit of the insolvent laws, and that the said *Biddle* has left this state to reside elsewhere, and is a man of no property and is insolvent. That the said *Mary E. Crothers* moved the court at October term, 1845, of the said

court, for an order directing *James E. Oldham* to enter into a new and sufficient recognizance to the State of *Maryland* for the maintenance of her said illegitimate child.

On this statement of facts, the opinion of the court is prayed on the following questions: " Whether the personal discharge granted to *James E. Oldham*, releases him personally from the amount for which the said judgment was rendered.

Secondly. Whether this court has jurisdiction or authority to require another and sufficient recognizance to be entered into by the said *James E. Oldham*.

If the court shall be of opinion, that the personal discharge of *James E. Oldham*, releases him personally from the amount of said judgment, then the said court is to order the discharge of the said *Oldham*. If of a different opinion, then the court are to over-rule the motion of the said *Oldham* for his discharge.

If the court shall be of opinion, that they have authority to require another recognizance, then the court is to order said *Oldham* to give such additional recognizance. If the court shall be of a contrary opinion, then the motion before the court for a recognizance is to be overruled. It is agreed, that either party may appeal from the decision to the Court of Appeals.

The court passed the following order:

We are of opinion, that the personal discharge of *James E. Oldham* under the insolvent laws, will not release him from the payment of the amount due, under the recognizance, at the time of his personal discharge. And the court, on the second question, are of opinion, that it is competent for this court to order another recognizance to be entered into to secure the payment of the money intended to be secured by the former recognizance. The court, therefore, overrule the motion on the part of said *James E. Oldham*, which prayed for his discharge from imprisonment, and make absolute the rule to give another recognizance.

The appellant entered in another recognizance, and then appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY MAGRUDER and MARTIN, J.

By H. C. MACKALL for the appellants, and

By R. C. HOLLIDAY for the appellee.

ARCHER, C. J., delivered the opinion of this court.

The acts of 1781, ch. 13, and its supplements, we consider final in their character. They superseded former laws punishing the offence of fornication; and according to the very terms of the title to the law, direct "proceedings against persons guilty of fornication."

By this law, the mother, unless she will disclose the father of her illegitimate child, is condemned to give security to indemnify the county from any charge which may accrue from the maintenance of such illegitimate child; and if she disclose the father, the like security must be given by him. On the refusal to furnish the security, or to disclose the father, the female is to stand committed, to be safely kept until she shall give such security. If the person charged with being the father, should think himself aggrieved by the judgment by which he is condemned to give the security, then recognizance is to be taken for his appearance at the county court where the same proceedings are to be had by indictment, as in other *criminal cases;* and if found *guilty,* then the court adjudge him to give security to indemnify the county; and if he neglect or refuse to comply, he is to *stand committed until he shall comply.*

The proceeding is treated by the law as a *criminal proceeding;* and it is classed by the law itself among *criminal cases.*

That the design of the law, in the punishment inflicted, was to indemnify the county, does not in the least change the character of the proceeding. The recognizance is to be given *to the State* to accomplish a purpose of public convenience, and the insolvent laws do not reach such a case.

Proceedings under the first law being dilatory to recover on the part of the county, indemnification, the supplement of 1796, ch. 34, was passed, which gave to the mother or other person

maintaining the child, the right to obtain the fruits of this recognizance; and is a substitution of the mother or other person, at their election, in the place of the county, and does not at all change the character of the proceeding.

We therefore think the court were right in overruling the motion of *Oldham* to be discharged, and affirm their judgment in this respect.

We do not think that an appeal will lie from the opinion expressed by the court, that upon the facts stated they possessed the power to order another recognizance to be entered into, and the appeal, therefore, is in this respect dismissed.

**JUDGMENT AFFIRMED.**