## JAMES OWENS *vs.* THE STATE OF MARYLAND.

No indictment will lie in this State, for the crime of fornication perpetrated in another State, the child having been begotten and born out of this State.

Proceedings under the act of 1781, ch. 13, are *criminal proceedings;* the object of that law was, to *punish* persons "*guilty of fornication,*" and not simply *indemnity* to the county.

APPEAL from the Circuit Court for Allegany county.

The appellant was indicted for being the father of an illigitimate child, *begotten and born in the State of Pennsylvania,* but now with its mother, residing in Allegany county.    To this indictment he demurred, but the court (PERRY, J.) overruled the demurrer and gave judgment, that he should give security in the penalty of $80, to indemnify the county from

all charges that may arise from the maintenance of said child, and to stand committed until such recognizance be entered into. From this judgment the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*George A. Pearre* for the appellant.

The question raised by the demurrer to this indictment is simply, can the father of an illegitimate child, begotten and born out of this State, be punished by the laws of Maryland? These are criminal proceedings, 5 *Gill*, 93, *Oldham vs. The State*. There must be an indictment, if the party accused denies the paternity. An indictment can only be found by a grand jury in this State, for an offence committed *within the State*, and usually within the county; but by the act of 1781, ch. 13, sec. 2, jurisdiction is given to the justices of the peace, and the courts in the county where the father resides, in case his residence is different from that of the mother and child. It is the offence of *fornication* that is to be *punished*. That the Legislature in inflicting a particular mode of punishment, had a view to the indemnity of the county where the offence was committed, or the mother resided, does in no wise change the *character* of the proceeding. 5 *Gill*, 93. The Legislature adopted this mode of *punishing the offence*. To put upon the law the construction intended by the State in this case, would be making the father guilty of a criminal offence, because the mother chose to bring the child into Maryland. The child is begotten and born in Pennsylvania. Surely for this the father is guilty of no breach of Maryland law. The mother has control of the child, and brings it to this State. Is this act of hers, with which the father has nothing to do, to make him a criminal in Maryland? Surely not.

Fornication is like all other criminal acts. A man must be punished in the State where he commits the offence. A reference to the previous acts of 1715, ch. 27, and 1749, ch. 12, will show what the offence was that is to be punished. The last act, which the act of 1781, ch. 13, much resembles, shows

that the child must be born in the State. All the acts show that *fornication* is the *crime* to be *punished.* Suppose such a law as ours exists in Pennsylvania, could not the father be indicted there? and would not the governor of this State, upon a proper requisition, deliver him up to the authorities of Pennsylvania? If we punish him here, may he not be punished there for the same offence? We must not lose sight of the fact, that the *"fornication,"* is to be punished. The form of the indictment shows it, 10 *G. & J.,* 374, *Root vs. State.* It is not an act to indemnify the counties. It is "an act directing proceedings against persons guilty of *fornication,"* with the punishment so framed, that where a party is guilty of the offence, or has committed fornication in the State, the county is indemnified. The design in framing the punishment, can have no bearing upon the question, as to what was the offence intended to be punished.

*J. H. Gordon* for the State.

In the appellant's view of the act of 1781, ch. 13, and its supplements, I think there is error. For although these proceedings do sometimes operate as a punishment, and the sum paid for the support of the child, may, to some extent, be considered a penalty, these are rather the *incidental effects* than the *object* of the law. If that was the object of the Legislature, they have certainly adopted a very defective and uncertain mode of accomplishing it. For the law itself discharges the mother, upon her giving information against the father of her child, and yet she is a necessary party to the crime of fornication. And in case of the death of the child, the proceeding abates, and neither father nor mother can be held to give security. How then can it be contended, that the object of a law is to punish criminals, when by the law itself they are to go unpunished when the crime is committed? These consequences cannot reasonably exist, as the fruits of such an object, in a deliberate body, and therefore we should look for some other, and more consistent object or intention in the legislative mind.

That object of the Legislature, we contend, was, to impose

upon the father of an illegitimate child the burthen of providing in some measure for its support; and to that extent, to require him to discharge towards it the duty of a parent. It is a *criminal case,* because it is commenced and carried on by *information* in court, and the *form* of the proceedings determines the *character* of the case. But the matter about which the proceeding is instituted and carried on, *is not a crime,* because that is determined by the *object* to be accomplished, and the *judgment* which imposes no *punishment,* but only an *indemnity,* which is a *civil* remedy. 1 *Wilson,* 125, *Wynne vs. Middleton.* *Cowp.,* 382, *Atcheson vs. Everett.* 2 *Conn.,* 357, *Hinman vs. Taylor.* 2 *Greenlf's. Rep.,* 172, *Mariner vs. Dyer.*

This intention is manifest, from the proceedings directed by the statutes. The acts of 1715, ch. 47, and 1749, ch. 12, provided a punishment for fornication different from the proceedings directed by the act of 1781, ch. 13, and these acts remained in force until repealed by the 4th section of the act of 1785, ch. 47. The act of 1781, could not, therefore, have been intended to punish that offence.

But fornication is not a crime at common law, unless it partakes of the nature of public and offensive lewdness. *Wharton's Cr. Law,* 760. Nor is now an indictable offence in Maryland: for the 4th sec. of the act of 1785, ch. 47, repeals the Maryland statutes, making it punishable, so that there is no such crime in this State to punish. 6 *H. & J.,* 248, *Stanfield vs. Boyer.* The Court of Appeals appear to have overlooked this repealing section, in deciding the case of *Oldham vs. The State,* 5 *Gill,* 93, and to have treated this as a proceeding to punish fornication, when in truth it is a *peculiar proceeding,* in the language of the same court, in *Root vs. The State,* 10 *G. & J.,* 376, which must be strictly pursued. It is true, the form of proceeding is by indictment, but that does not make it a criminal proceeding. It is merely a civil process to procure indemnity. 11 *New Hamp.,* 158, *Marston vs. Jenness.* 1 *Coxe,* 16, *Smith vs. Minor.* 5 *Randolph,* 634, *Commonwealth vs. Isaacs & West.*

If I am right in this view, and fornication is no longer a criminal offence in Maryland, which can be punished as a sin-

gle act, independent of the birth of a child, and if the intention of the statute is merely to procure indemnity for the support of the child, it makes no difference that the child was begotten and born out of the State, provided it is in the State at the time of proceeding, and likely to become a charge upon the county.

MASON, J., delivered the opinion of this court.

The judgment in this case must be reversed. The case of *Oldham vs. The State*, 5 *Gill*, 90, settles the question, that a proceeding of this kind is a *criminal proceeding*, under the act of 1781, ch. 13, and that its object is to punish "persons guilty of fornication." In the case referred to, the court emphatically meets the point, raised upon this appeal, (that indemnity to the county was the sole purpose of the law,) when they say, "that the design of the law, in the punishment inflicted, was to indemnify the county, does not in the least change the character of the proceeding." ·

*Fornication* then being the offence designed to be punished, and as the record shows that the offence was perpetrated in the State of Pennsylvania, no indictment will, therefore, lie in this State.

*Judgment reversed but no procedendo awarded.*