(Decided May 27th, 1864.)

---

## Henry O. Bake *vs.* The State of Maryland.

Code, Art. 13, sec. 5:—Art. 57, sec. 10:—Bastardy: Limitation of Actions in Indictments for Bastardy.—The proceeding in indictment against the father of an illegitimate child, under the Code, Art 13, sec. 5, is criminal in its nature, within the 10th sec. of Art. 57 of the Code, and must be commenced within one year from the birth of the child.

Appeal from the Circuit Court for Allegany County.

On the 6th day of June 1862, the mother of an illegiti-
mate child appeared before a magistrate of Allegany
County, and made oath that she was delivered of said
child on the 19th day of June 1861, and that the appellant
was its father. On the 16th of June 1862, the magistrate
issued his warrant against the appellant, who, on the same
day, entered into a recognizance before the magistrate to
answer the charge at the ensuing term of the Circuit Court
for the county. At the ensuing October term of said
Court, an indictment was found against the appellant, to
which he pleaded:

1st. The general issue.

2nd. That the prosecution and proceedings were not

commenced within one year from the time of the begetting of the said child, as alleged in said indictment.

3rd. That the prosecution and proceedings were not commenced within one year from the commission of the offence alleged in the indictment.

4th. That they were not commenced within one year from the birth of the child.

The appellee joined issue on the first plea, and demurred to the second, third and fourth. The Court, (WEISEL, J.,) sustained the demurrer, and the case was tried on the issue joined on the first plea, and a verdict and judgment were rendered against the traverser, from which he has taken this appeal.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Thomas J. McKaig,* for the appellant:

1. This is a prosecution under Article 13 of the Code of Public General Laws, and is, to all intents and purposes, a criminal proceeding. The provisions of the Code in reference to the offence charged, are similar to those of the Act of 1781, ch. 13, and its supplements. In construing that Act, this Court have said that, "the proceeding is treated by the law as a criminal proceeding," and that although one object of the law is to indemnify the county, another object is to punish the offence of fornication. *Oldham vs. State,* 5 *Gill,* 90. *Owens vs. State,* 10 *Md. Rep.,* 164. *Root vs. State,* 10 *G. & J.,* 374. *State vs. Phelps,* 9 *Md. Rep.,* 21.

2. The proceeding being of a criminal character, it is within the provisions of Art. 57, sec. 10, of the Code, and must be instituted within one year from the time when the offence was committed, for the punishment of which, provision is made by Art. 13.

*Charles B. Thruston*, for appellee:

Fornication not publicly committed or accompanied by open lewdness, is not an indictable offence at common law. *Wharton's Amer. Criminal Law*, 2667. *Archbold's Crim. Practice and Pleadings, vol.* 2, *p.* 1040.

In Maryland, it is only punishable under the said 13th Article of the Code of Public General Laws, and (as will be insisted) not at all as a single and independent offence.

That the title of the Act of 1781, ch. 13, directed "proceedings against persons guilty of fornication," would not of itself establish that this was solely the offence to be punished, for the body of that law shows clearly that it only applied to fornication followed by the birth of a child, and although the title of a statute may be referred to for the purpose of explaining its terms, if doubtful or ambiguous; where there is no doubt or ambiguity, no such reference is necessary or proper. No key is needed where there is nothing to be opened.

Conceding, as is said by the Court, in *Oldham vs. The State*, that proceedings under this Act of 1781, ch. 13, are to be classed as criminal proceedings, and are classed by the law itself among criminal cases, it is submitted, that this refers merely to the character of the case, and to this extent, it is true, because carried on by indictment to Court, and the form of the proceeding determines the character of the case; but the matter about which the proceeding is instituted and carried on, is not, strictly, a crime, because *that is* determined *by the object of the law* and the judgment, which is not a punishment, but only an indemnity to the county: *Acheson vs. Everett, Cowp. Rep.*, 382. This construction seems irresistible, when we consider that, if a punishment, it is as justly incurred by the act of fornication without issue as with it, and yet, if not followed by the birth of the child, the act is not denounced or inhibited by the law. The proceeding under this Article " is a peculiar proceeding, and must be exactly pursued," in the

language of the Court of Appeals in *Root vs. The State*, 10 *G. & J.*, 376, and the design of the law, in the punishishment inflicted, "is admitted to be to indemnify the county."

The recognizance is given to the State to accomplish a purpose of public convenience. *Oldham vs. The State*, 5 *Gill*, 93.

In *Oldham vs. The State*, by the statement of facts, the illicit intercourse and birth of a living child being admitted, the terms of the Act of Assembly were satisfied—the offence (if it can be so called) was consummated, and the decision that this was a proceeding of a criminal character, relieved it from the operation of the insolvent law. In *Owens vs. The State*, the fornication and birth of the child having both occurred, but out of the State, it was not necessary to decide whether one or the other constituted or consummated the offence.

The fourth plea of the appellant seeks to apply the aforesaid limitation (Art. 57, sec. 10) to the lapse of a year from the birth of the child before the commencement of the prosecution; what has already been said will apply to the consideration of this plea.

BARTOL, J., delivered the opinion of this Court:

This was a prosecution for bastardy under the 13th Article of the Code. The preliminary proceeding in such case against the putative father, is had before a justice of the peace. By the 5th section, the party charged is secured a trial before the Circuit Court of the County, upon his entering into recognizance to appear "at the next Circuit Court," and the same section directs, that "such proceedings shall thereupon be had as in other criminal cases."

These provisions of the Code are similar to those of the Act of 1781 and its supplements, which were considered by the Court of Appeals in *Oldham vs. The State*, 5 *Gill*, 90, and *Owens vs. The State*, 10 Md. Rep., 164. In the former case Chief Justice Archer said: "The proceeding is treated

54    v. 21

426     MARYLAND REPORTS.

Monteith's Exc'r *vs.* Balto. Association, &c.

by the law as a criminal proceeding, and it is classed by the law itself as a criminal case," and in *Owens vs. The State*, the same construction of the Act was adopted. In both cases the Court say, although one purpose of the law is to indemnify the County, this does not change the character of the proceeding, which is criminal in its nature, designed to punish the offence of fornication.

We entertain no doubt that such a prosecution is within the 10th section of the 57th Article of the Code, and must be commenced within one year from the time of the offence committed; that is to say, from the birth of the illegitimate child, when, the offence is consummated for which the 13th Article of the Code provides the punishment.

In this case the appellant by his fourth plea alleges, that the prosecution and proceedings were not commenced "within one year from the birth of said illegitimate child, mentioned in said indictment." To this, the State, by its attorney, demurred, thereby admitting the fact as pleaded, which under the 10th section of the 57th Article is a bar to the prosecution.

In our opinion the Circuit Court erred in ruling the plea insufficient and in sustaining the demurrer, the judgment must therefore be reversed.

*Judgment reversed.*

(Decided May 27th, 1864.)