## BAKER *v.* LEASE

[No. 5, September Term, 1964.]

*Decided October 13, 1964.*

The cause was argued before HENDERSON, C. J., and HAM-MOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Donald W. Mason, Deputy State's Attorney for Allegany County,* with whom was *James S. Getty, State's Attorney,* on the brief, for the appellant.

No brief and no appearance for the appellee.

HENDERSON, C. J., delivered the opinion of the Court.

This appeal is from a decree, in a paternity proceeding filed October 10, 1963, under Chapter 722 of the Acts of 1963, awarding custody of the child of a married woman born March 21, 1963, to its mother, the petitioner, but finding that the appellee, against whom the petition was filed, was not the father of the child. This case was tried before the court without a jury, and the Chancellor handed down an opinion covering this case and also the case of *Corley v. Moore,* 236 Md. 241, just decided, where he reached an opposite result.

The basis of the Chancellor's finding in the instant case, as stated in his opinion, was that "the new statute does not remove the requirement laid down in *Hall* [*v. State,* 176 Md. 488] that the proof as to non-access must be clear, convincing and satisfactory." For the reasons stated in *Corley v. Moore, supra,* we disagree. The test is the preponderance of the evidence, as

in other civil cases. The court further stated that in the instant case "the prosecutrix went out with her girl friend nearly every night during the period of conception, and her parents did not know where she went nor did they know the defendant until he was charged by their daughter. The defendant was seen several times in Cumberland by the parents of the prosecutrix and lived with his parents about fifteen miles from Cumberland. It is the opinion of the court that the prosecutrix has failed to establish by a clear preponderance of the evidence that the husband did not have access during the period of conception * * *." Again we disagree.

The new statute repealed the old law under which bastardy was made a criminal offense so that it was incorrect to refer to the petitioner as the "prosecutrix". The new proceeding is in equity, predicated upon the traditional concern of chancery with the custody, guardianship and support of minor children. Moreover, the Chancellor's statement does not accurately summarize the evidence in the record.

The father and mother of the petitioner both testified that the appellant and her husband separated in January, 1962. They had been married on February 11, 1961, when she was sixteen years of age. The father testified that he brought his daughter home to Cresaptown from Finzel, Garrett County, because her mother-in-law had "set her out on the road", after a quarrel occasioned by the husband coming home drunk. They testified that the daughter lived with them continuously until September, 1962, when she went to live with a girl friend. She had a child by her husband that was about one year old at the time of the separation. The father, Mr. Sheetz, testified that the husband contributed nothing to the wife's support. He saw the husband once when he came to the house to see his baby, but did not stay long. He testified he was present with his daughter the whole time the husband was there. On another occasion the husband came to the house at 2 A.M., but the father refused to admit him. He saw him once or twice on the street in Cumberland, where Mr. Sheetz was employed.

The mother, Mrs. Sheetz, testified that the daughter lived with them from January to September, 1962. She testified that Shirley would go out with her girl friend "once or twice a week", taking the baby with her. She never saw the husband

during this period. At this point counsel for the appellee stated: "We admit they were living separate and apart." Clearly this met the test laid down in the statute, Code (1964 Supp.), Art. 16, sec. 66F(b).

The appellant then testified that the separation occurred on January 28, 1962. Her husband went to Florida in February, 1962, when she swore out warrants for non-support. He came to her father's house at 2 A.M. on the occasion of a prior separation, when the baby was three months old. She did not see him from January 28 until November, when she was five months pregnant. She started "dating" the appellee around April, 1962, and had intercourse with him from June until August. She became pregnant the latter part of June. The appellant testified the appellee admitted "a good many times" that he was the father of the child. She had no intercourse with anyone else. She heard from others that her husband had returned from Florida late in June, and was living in Garrett County with his parents, but she did not see him until November. The appellee did not take the stand or produce any evidence. His counsel simply offered a prayer for a directed verdict, contending that the Act could not apply to a case where the child was born before its passage, and that the evidence was insufficient to rebut the presumption of legitimacy.

The first contention is without merit, for the reasons stated in *Corley v. Moore, supra.* As to the second contention, the presumption was rebutted by proof that the mother was in fact living separate and apart from her husband. We think the Chancellor was clearly wrong in finding, in effect, that the husband was the father under all the circumstances. The mere possibility of access is not enough. The wife's testimony was uncontradicted, and the statute made her a competent witness, after the foundation was laid, as to nonaccess or as to any other matter. We think the Chancellor failed to give her testimony the weight accorded it by the change in the law.

*Decree reversed and case remanded for the passage of a decree in accordance with the views expressed herein, costs to be paid by the appellee.*