## JOHNS *v.* JOHNS

[No. 14, September Term, 1964.]

*Decided October 14, 1964.*

The cause was argued before HENDERSON, C. J., and HAM-MOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Ronald A. Willoner,* with whom were *Keane, DePaul & Willoner* on the brief, for the appellant.

No brief and no appearance for the appellee.

HENDERSON, C. J., delivered the opinion of the Court.

On August 15, 1963, a petition for determination of paternity was filed by the appellee, and after some preliminary pleadings and proceedings, including blood tests that proved to be inconclusive and a motion to dismiss, the appellant filed an answer and a motion for summary judgment. Both in the answer and the affidavit to the motion the appellant specifically raised an issue of limitations. Code (1964 Supp.), Art. 16, sec. 66(e) (as enacted by Chapter 722, Acts of 1963), provides that "proceedings to establish paternity under the sub-

title 'Paternity Proceedings' and to charge the putative father of an illegitimate child or children with their support and maintenance shall be commenced during the pregnancy of the mother thereof or within two (2) years after the birth of such child or children; except that if the putative father of such child or children has acknowledged in writing the paternity of the child or children or has made payment or otherwise provided for the support and maintenance of the child or children, it is sufficient if the proceedings are commenced within two (2) years of the date of such acknowledgment or the last such payment or provision; provided, that the institution of proceedings under the former Article 12 of this Code, title 'Bastardy and Fornication', prior to June 1, 1963, shall suspend the further running of the period of limitations provided for herein."

The petition showed on its face that the child, F.D.R. Johns, Jr., was born on March 31, 1959, over four years prior to the institution of these proceedings. The appellant argues that the defense of limitations was properly raised on the motion to dismiss, on the ground that the statute itself imposes a limitation upon the right, and not merely upon the remedy, citing *Deckert v. Burns*, 62 N. W. 2d 879 (S. D.), *People v. Pennyfeather*, 174 N. Y. S. 2d 766, and *Hernandez v. Anaya*, 340 P. 2d 838 (N. M.) construing somewhat similar statutes. Those cases may, perhaps, be distinguishable on the ground that our statute specifically refers to the time mentioned in the section as a period of limitations. We need not decide the point. Limitations may be raised on demurrer in equity, but the petition alleged acknowledgment and payment within two years. Cf. *Hoover v. Williamson*, 236 Md. 250. Although this was denied in the answer and motion for summary judgment, which again asserted the defense of limitations, this raised an issue of fact. The Chancellor was correct in overruling the motion to dismiss and the motion for summary judgment. The appellant moved to dismiss at the conclusion of the plaintiff's case. See Rule 535. Cf. *Phillips v. Phillips*, 215 Md. 28, 35. The only issues before us are whether at the conclusion of the whole case there was evidence to support a finding of an acknowledgment, or a payment or other provision for support and maintenance, within two years prior to the institution of these proceedings.

The testimony of the petitioner was that the appellant never admitted that he was the father of the child, and never paid anything towards its support. The appellant (of the same surname but no relation to the appellee) admitted that he had intercourse with the appellee on May 1, 1958; she fixed the date at June 29, 1958, and testified that he had intercourse with her repeatedly thereafter. He testified that he did not see her after May 1, 1958, until his sister told him the appellee was in the hospital and could not be "signed out" unless he signed a release. This he did. The paper, offered in evidence, was in the form of a confessed judgment note dated April 3, 1959, which he signed jointly with the appellee, adding after his signature the word "(friend)", payable to the Prince George's General Hospital in the amount of $124.85. It was payable in installments of $10.00 each. It was shown that the note was turned over to the Capital Collection Agency, and ultimately paid by the appellant's wife. The appellant testified that the payment was not authorized by him, and in fact was made out of her own funds, some time in 1963.

Even if we assume, without deciding, that the note was sufficient acknowledgment of paternity within the meaning of the statute, it fails to meet the statutory requirement that it be made within two years prior to the commencement of proceedings. Likewise, there is no proof that the appellant made any payment or otherwise provided for the support and maintenance of the child within the required period. Payment of the note by his wife would not suffice to charge him, in the absence of some proof of agency. As Judge Markell, for the Court, said in *Twilley v. Bromley,* 192 Md. 465, 470: "* * * the burden of showing agency is upon complainants * * *, and the mere relation of husband and wife does not create the one an agent of the other or confer inherent power to bind the other as agent, or, unaccompanied by other facts or circumstances, justify an inference of agency." She may have been actuated merely by a desire to protect their credit. There was no testimony that the payment was from his funds, but quite the contrary.

In any event, we think it is clear that the belated payment of a bill for the hospital expenses of the mother could not fairly

be construed as a payment for the support or maintenance of the infant born to her in 1959. The statute itself recognizes the distinction. Sec. 66H (a) reads in part:

> "In addition to providing for the support and maintenance of the child, the order also may require the defendant to pay all or any part of the mother's medical and hospital expense for her pregnancy, confinement, and recovery, * * *."

There was no evidence that either the appellant or his wife paid anything to the appellee for the child's support or maintenance.

Since we hold that the trial court erred in failing to grant the motion to dismiss upon this state of the record, we find it unnecessary to discuss the appellant's contention that the court erred and exceeded its jurisdiction under Art. 16, sec. 66J, in placing him on probation.

> *Decree reversed and entered for the appellant, costs to be paid by Montgomery County.*