OPINION OF THE COURT
Jack Turret, J.
In a paternity proceeding filed on March 24, 1981, four years after the birth of the child, the respondent alleged father moves to dismiss on the ground that the proceeding is time barred pursuant to section 517 of the Family Court Act. The petitioner’s opposition is based on her allegation that respondent, by actions constituting an informal acknowledgment of paternity, fraudulently induced her to forego legal proceedings until the statutory time limit had been passed. Petitioner seeks her “day in court” so as to *196 offer evidence demonstrating respondent’s alleged acknowledgment of paternity.
Respondent’s motion to dismiss must be granted. Conceding, for purposes of deciding this motion, that petitioner’s proffered evidence will establish respondent’s acknowledgment, by his actions, that the child is his own, the fact remains that such acknowledgment does not meet the standards set in section 517 of the Family Court Act.
The common law deemed a child born out of wedlock filius nullius — “no man’s son”. The paternity created by statute must be strictly limited to the legislative authorization. Subdivision (a) of section 517 of the Family Court Act provides that actions by the child’s mother “shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support” (emphasis added). The Legislature has provided only two means of demonstrating paternal acknowledgment: (1) by a writing, and (2) by a showing of support. Petitioner’s offer of proof does not meet either criterion.
The Legislature’s decision to limit acknowledgment to these two forms does not seem unreasonable. A writing traditionally serves not only to preserve the statement made, but to formalize it. In our society, now as in centuries past, one who “puts it in writing” knows that he may at a later date be called to account. Presumably he reflects before signing on the truth and accuracy of the statement and the wisdom of committing his signature to it. In contrast, words and actions generally occur more spontaneously, with less consideration of future consequences.
The case law interpreting the statutory language concerning the acknowledgment-by-support puts a similarly weighty gloss on the language, by requiring that payments of money to the child’s mother be more than occasional gifts, that they be clear and unequivocal indications of the man’s willingness to assume his duty to support his out-of-wedlock child. (Matter of Vicki B. v David H., 73 AD2d 645; Matter of Shirley D. v Ricardo B., 54 AD2d 564; Matter of Theresa J. v Troy M., 89 Misc 2d 909.) The Legislature has - *197 required a showing of acknowledgment based on either a writing or a financial commitment, two methods traditionally recognized in our society as offering an indication of serious, reliable intent to create an obligation.
Petitioner further urges that subdivision (c) of section 517 of the Family Court Act is unconstitutional; that restricting her to a two-year Statute of Limitations, while permitting the putative father to file a paternity petition at any time up until the child’s eighteenth birthday amounts to unlawful discrimination against herself and the child. The court cannot agree, for the following reasons:
First, it should be noted that the purpose of any Statute of Limitations is to put the party on notice that he faces a legal complaint. The interests in apprising the parties of the events and transactions in question, in preserving evidence, and in promptly resolving legal disputes are all served, generally, by the statutes limiting the time for commencement of a proceeding. It could be that in a particular case, a just and fair trial can be had even after the period of limitations has been exhausted, and, indeed, a party may waive his objection based on the Statute of Limitations. (CPLR 3018, subd [b]; 3211, subd [e]; see, also, Matter of Howard v Robinson, 32 AD2d 837, which construed the provisions of subdivision [a] of section 517 of the Family Court Act not merely as a Statute of Limitations that can be waived, but as a condition precedent, affecting the very existence of the cause of action: “[Petitioner may not prevail * * * unless she alleges and proves that ‘paternity has been acknowledged by the father in writing or by furnishing support’”.) There is no requirement that an objecting party must show that he is in fact prejudiced by the passage of time. On the contrary, he is entitled to the protection of the Statute of Limitations regardless of whether or not he is actually inconvenienced. At this time, since the recent amendments to section 532 of the Family Court Act permitting the court to receive blood test evidence that is medically reliable to prove or disprove paternity (L 1981, ch 9) it may seem anachronistic to permit a respondent to plead the Statute of Limitations in order to defeat a petitioner who could prevail on the merits. Nevertheless, the general interest in prompt notice of legal *198 claims and resolution of disputes takes precedence over the interest of a particular litigant.
Second, petitioner’s claim of an impermissible gender-based distinction must be assessed in light of the factual differences between male and female petitioners. The female petitioner’s interest in establishing paternity is clear, and almost wholly beneficial to herself — she establishes, for the first time, a legal basis for support of her child by one other than herself. (She also loses a measure of autonomy, since an adjudicated father may acquire visitation rights, or custody of the child, or a role in future adoption proceedings; see Family Ct Act, § 549; Domestic Relations Law, §§111, 111-a.) Since that relief is to the detriment of the male respondent, it is reasonable to afford him prompt notice of the claim. The male petitioner is in a different position. He is seeking not to encumber the female respondent mother with new obligations, but to assume a portion of those lawful obligations himself. At least as far as support (the traditional purpose of paternity proceedings; see Commissioner of Public Welfare of City of N. Y. v Koehler, 284 NY 260) is concerned, the male petitioner is proceeding only to his own detriment, not the respondent mother’s. A longer Statute of Limitations is reasonable, not discriminatory, and not constitutionally impermissible.
If public policy now requires a change in the time limitations governing a paternity proceeding, the Legislature should act.
Petitioner’s strenuously argued claim of fraudulent inducement is, in the context of this proceeding, irrelevant. If petitioner has a civil claim based on fraud, she may proceed in a more appropriate forum to so plead, claim damages, and litigate her claim, if so advised. This court, whose jurisdiction is curtailed generally by article VI of the New York Constitution and specifically by article 5 and section 517 of the Family Court Act may not conduct a hearing on the merits of petitioner’s claim of fraud. (Matter of Borkowski v Borkowski, 38 AD2d 752.) Further, this court would note in passing the extreme difficulty in assessing charges of fraudulent misrepresentation and reliance to one party’s detriment in a case involving matters as inherently per *199 sonal, private, and emotionally provocative as the conception, support, and rearing of an out-of-wedlock child. (See, generally, Civil Rights Law, § 80-a, repealing the breach-of-promise law; Matter of Pamela P. v Frank S., 110 Misc 2d 978, and certain Federal cases discouraging judicial scrutiny of parties’ sexual activities and relationship; e.g., Griswold v Connecticut, 381 US 479; Eisenstadt v Baird, 405 US 438.) As one court put it:
“[T]he highly intimate nature of the relationship wherein the false representations may have occurred, are such that a court should not define any standard of conduct therefor. * * *
“[To] ask the court to supervise the promises made between two consenting adults as to the circumstances of their private sexual conduct * * * would encourage unwarranted governmental intrusion into matters affecting the individual’s right of privacy.” (Stephen K. v Roni L., 105 Cal App 3d 640, 643-645.)
Accordingly, respondent’s motion to dismiss on the ground that the time limitations of section 517 of the Family Court Act have passed is granted.