# BRENDA ANDERSON v. JOHNNY SHEFFIELD

[No. 187, September Term, 1982.]

*Decided February 2, 1983.*

The cause was argued before MORTON, MOYLAN and *MOORE, JJ.

---

\* *Reporter's Note:* Moore, J., participated in the hearing and initial conferencing of this case but died before the opinion was filed.

584

*Fletcher P. Thompson, Assistant State's Attorney for Dorchester County,* for appellant.

MORTON, J., delivered the opinion of the Court.

This appeal arises from a paternity suit brought by appellant Brenda Anderson against appellee Johnny Sheffield on July 24, 1980. On November 18, 1981, the Circuit Court for Dorchester County (Edmondson, J.) found that the action was barred by the statute of limitations and accordingly dismissed the petition. We shall affirm the judgment of the trial court.

The record reflects that appellant and appellee began living together in 1974. Shortly thereafter, appellant informed appellee that she was pregnant. Appellee left appellant prior to the birth of a baby girl on February 4, 1975. After her birth, appellee visited appellant several times and on at least one occasion gave the little girl small amounts of money.

On July 24, 1980, when the child was five years old, appellant filed a paternity petition against appellee in the Circuit Court for Dorchester County. On September 25, 1980, appellee entered a general denial, stating only that he was not the father of the child, and on November 18, 1981, he appeared for trial without counsel.

During the hearing on the merits, the trial judge raised *sua sponte* the issue of limitations and dismissed the petition as being barred by the two year statute of limitations for paternity cases under Md. Ann. Code art. 16, § 66 (e).[1]

---

1. The constitutionality of the statute has not been raised and we do not consider it. *See* Mills v. Habluetzel, 456 U.S. 91 (1982). *But see* Lalli v. Lalli, 439 U.S. 259 (1978) and Thompson v. Thompson, 285 Md. 488 (1979).

## I.

The first issue appellant raises is whether appellee waived his right to claim the defense of limitations by failing to raise it in his answer to the petition. Appellant asserts that the trial court erred in raising the limitations issue *sua sponte.*

Appellant relies upon Md. Rule 371 (b), which provides that in equity cases "[a]ny defense to any bill or petition, which appears on the face thereof, shall be made either by demurrer or by answer." Unless timely raised, the defense is deemed to be waived. *Foos v. Steinberg,* 247 Md. 35 (1967). Contrary to appellant's position, however, we find that Rule 371, generally applicable to equity action defenses, is not controlling on this issue.

Before the Maryland General Assembly created, in 1963, the current paternity statute set out at Md. Ann. Code art. 16, §§ 66-66P, paternity actions were considered criminal in nature, one object being to "punish the offense of fornication." *Bake v. State,* 21 Md. 422, 426 (1864). Consequently, the one year statute of limitations applicable to criminal offenses was held to be applicable to a prosecution for bastardy. *Bake v. State, supra; Neff v. State,* 57 Md. 385 (1882).

The thrust of paternity actions changed dramatically in 1963 with the passage of the paternity statute. The legislature eliminated the criminal aspect of bastardy, *Corley v. Moore,* 236 Md. 241, 242 (1964), and, instead, focused on the public interest in the social and economic status of the children. Md. Ann. Code art. 16, § 66A; *Buford v. Bunn,* 247 Md. 203 (1967). The new proceeding, in equity, was "predicated upon the traditional concern of chancery with custody, guardianship and support of minor children." *Baker v. Lease,* 236 Md. 246, 248 (1964).

Incorporated into this new, civil cause of action is a provision which specifically limits the time during which an action may be brought. Article 16, § 66 (e) provides, in part:

"Proceedings to establish paternity under the subtitle 'Paternity Proceedings' of this article and to charge the putative father of an illegitimate child with the child's support and maintenance shall be commenced:

(1) During the pregnancy of the illegitimate child's mother or within 2 years after the birth of the child;

(2) If the putative father of the illegitimate child has acknowledged the paternity of the child in writing or has made payment or otherwise provided for the support and maintenance of the child, within 2 years of the date of that acknowledgment or the last payment or provision . . . ." [2]

An ordinary procedural statute of limitations must, under Rule 371, be pleaded by the defendant's answer or it shall be deemed waived. A limitation period such as this, however, which is stipulated in the very statute giving rise to the cause of action may limit the right to maintain the action as well as the remedy. *See Blocher v. Harlow,* 268 Md. 571, 586 (1973), *overruled on other grounds, Eastgate Associates v. Apper,* 276 Md. 698 (1976). If the period of limitation is part of the substantive right, the burden is on the plaintiff to prove that the action was initiated within the prescribed time period.

While the precise issue was alluded to, but not decided, by the Court of Appeals in *Johns v. Johns,* 236 Md. 278 (1964), the Court has concluded with regard to a similar statute of limitations contained within the wrongful death statute:

"We have heretofore held that the period within which an action for wrongful death must be brought is more closely analogous to a condition precedent than to the traditional concept of a statute of limitations, although it has been so characterized frequently in our cases, *Smith v. Westinghouse*

---

2. For our purposes, any changes in § 66 (e) since 1975 are stylistic only.

*Electric Corp.,* 266 Md. 52, 55-56 [1972]. . . ." *Morrell v. Williams,* 279 Md. 497, 505-506 (1977). *See also Slate v. Zitomer,* 275 Md. 534 (1975), *cert. denied, Gasperich v. Church,* 423 U.S. 1076 (1976).

That statute, set out at Md. Ann. Code (1970 Repl. Vol.) art. 67, § 4 (a) read, in part, "provided, . . . that every such action shall be commenced within two years after the death of the deceased person." That period of limitations is considered a "condition precedent to the right to maintain the action." *Slate v. Zitomer,* 275 Md. at 542.

Notwithstanding the observation of the Court of Appeals in *Johns v. Johns,* 236 Md. at 280, that "our statute specifically refers to the time mentioned in the section as a period of limitations," we shall similarly construe as a condition precedent the time limitation set out in § 66 (e) of the paternity statute. This analysis has, indeed, been applied to similar paternity limitations provisions in other jurisdictions. *See B. v. S.,* 446 N.Y.S.2d 894 (N.Y. 1982); *People ex rel. Getz v. Lang,* 378 N.E.2d 398 (Ill. 1978); *Fetch v. Buehner,* 200 N.W.2d 258 (N.D. 1972); *Hernandez v. Anaya,* 340 P.2d 838 (N.M. 1959); *Deckert v. Burns,* 62 N.W.2d 879 (S.D. 1954); and cases cited at 59 A.L.R. 3rd 685, § 3.

Because the statute imposes a limitation on the plaintiff's substantive right to maintain a paternity action, it need not be pleaded as a defense and cannot be waived by a failure to plead it.

## II.

Having concluded that the appellee did not waive the defense of limitations, we must now ask whether appellee's payment or payments of small amounts of money, totalling one dollar or less, to the child within two years of the commencement of this action served to toll the limitations period.

Appellant cites *Downes v. Kidwell,* 14 Md. App. 92 (1972), for her proposition that *any* payment is sufficient to toll the

running of the statute. In *Downes,* however, the Court stated, at 98, that "[t]he payment of any money for support or any material contribution is sufficient" to toll the period. While a single payment of money or furnishing of clothing for a child, as in *Downes,* may be sufficient to toll the statute, it must be a furnishing of "support" or "maintenance." There is nothing in the record to suggest that the nominal payments were made for the purpose of support or maintenance.

We find no error in the trial judge's determination that the appellee's occasional gift of small change to the child did not constitute support or maintenance.

*Judgment affirmed; costs to be paid by appellant.*