905 A.2d 402

**Randolph GRIGGS**

v.

**C & H MECHANICAL CORPORATION, et al.**

**No. 2264, Sept. Term, 2004.**

Court of Special Appeals of Maryland.

Aug. 15, 2006.

Bruce A. Goldstein (Cooper & Tuerk, L.L.P., on the brief), Baltimore, for Appellant.

Andrew T. Nichols (Jonathan P. Stebenne, on the brief), Baltimore, for Appellees.

Panel: HOLLANDER, ADKINS and THEODORE G. BLOOM (Retired, Specially Assigned), JJ.

ADKINS, Judge.

On January 2, 2002, appellant Randolph Griggs was injured while working construction. On February 20, 2004, more than two years later, Griggs filed a worker's compensation claim. His employer, C & H Mechanical Corp., and its insurer, One Beacon Insurance Company, appellees, filed a Contesting Issues Form, raising *inter alia* "statute of limitations."

After an evidentiary hearing, the Workers' Compensation Commission ruled, by order dated May 25, 2004, that Griggs "sustained an accidental injury arising out of and in the course of employment on 1/2/02," that he gave his employer adequate notice of the injury, and that, following shoulder surgery, he

suffered temporary total disability "from 5/12/04 to present and continuing."

Appellees filed a timely Request for Rehearing, on the ground that

[t]he claimant was found to have sustained an accidental injury on January 2, 2002 but did not file his Notice of Employee's Claim form until February 20, 2004; over two years later. As a matter of law, the claimant's claim is barred by statute of limitations. This issue was not addressed in the decision although it was raised as a contesting issue by the insurer.

By order dated June 17, 2004, the Commission denied this motion without explanation.

Appellees petitioned for judicial review of "the Order of the Workers' Compensation Commission dated June 17, 2004." Griggs moved to dismiss this petition, on the ground that appellees only requested review of the June 17 order denying reconsideration on the limitations issue, instead of seeking review of the May 25 order addressing the substantive issues raised by the case. Griggs argued that, because appellees never asked to review the May 25 order, the circuit court could not review the substantive decisions made in that order.

While Griggs's motion to dismiss their petition for judicial review was still pending, appellees moved for summary judgment on the basis of Md.Code (1991, 1999 Repl. Vol., 2005 Cum. Supp.), section 9–709 of the Labor and Employment Article (LE). This section provides that, "if a covered employee fails to file a claim within 2 years after the date of the accidental personal injury, the claim is completely barred." Appellees asserted that, as a matter of law, Griggs's claim is barred because he filed it on February 20, 2004, more than two years after the January 2, 2002 accident.

At the conclusion of a hearing on both motions, the Circuit Court for Baltimore City denied Griggs's motion to dismiss, and granted appellees' motion for summary judgment on limitations grounds. Griggs noted this timely appeal, raising two issues for our review:

I.  Did the circuit court err in denying Griggs's motion to dismiss?

II.  Did the circuit court err in granting appellees' motion for summary judgment on limitations grounds?

We shall answer "no" to both questions.

## DISCUSSION

### I.

**Motion To Dismiss Petition For Judicial Review**

■ Petitions for judicial review of a decision by the Workers Compensation Commission "shall . . . identify the order or action of which review is sought[,]" Md. Rule 7–202(c), and must be "filed within 30 days after the date of the mailing of the Commission's order[.]" LE § 9–737. Renewing his unsuccessful argument to the circuit court, Griggs contends that appellees' petition for judicial review should have been dismissed because (1) it challenges only the Commission's June 17 denial of appellees' motion for a rehearing, rather than the May 25 order awarding workers' compensation; (2) the June 17 order is not a final appealable order because it does not grant or deny some benefit under the workers' compensation laws; and (3) it is too late to petition for review of the May 25 decision granting his claim. *See Great Am. Ins. Co. v. Havenner*, 33 Md.App. 326, 332, 364 A.2d 95 (1976)("the term 'final order' or 'final action,' within the ambit of the Workmen's Compensation Law, means an order or award made by the Commission . . . determining the issues of law and of fact necessary for a resolution of the problem presented in that particular proceeding and which grants or denies some benefit under the Act").

Like the circuit court, we find no merit in Griggs's argument. By statute, the period in which a party may petition for judicial review of a workers compensation decision is extended beyond 30 days, by the simple filing of a written motion for a rehearing. Under LE section 9–726(f), governing the effect of filing a written request for a rehearing "on [the] time for

taking [an] appeal ... from the decision" of the Commission, a party who has done so begins counting the 30–day filing period from "the date on which the Commission mails notice of" either the denial of the motion or the rehearing date. Moreover, both the statutes and case law make clear that the "decision" being challenged on appeal is the final substantive disposition of the workers' compensation claim. *See, e.g., Montgomery County v. Ward,* 331 Md. 521, 526–27, 629 A.2d 619 (1993) ("the 'decision' of the Commission which is subject to judicial review under the statutory language is the *final* decision or order in a case"); *Paolino v. McCormick & Co.,* 314 Md. 575, 582, 552 A.2d 868 (1989) (only the order by which the Commission disposes of a case qualifies as a decision within the meaning of LE section 9–745(b)); *Havenner,* 33 Md.App. at 332, 364 A.2d 95 (same).

Griggs posits that the citation of the June 17 order in the Petition for Judicial Review means that the May 25 order was not challenged. We disagree. Although the petition sought relief "from the Order ... dated June 17, 2004[,]" Griggs understood that the Commission's failure to address the limitations issue was the stated basis for both the motion for rehearing and the Petition for Judicial Review. *Cf. Kim v. Comptroller of the Treas.,* 350 Md. 527, 539–40, 714 A.2d 176 (1998) (recognizing that pleading identifying administrative decision from which relief is sought may be held to substantially comply with content requirement of Md. Rule 7–202(c)). Moreover, the *de novo* nature of the action means that the circuit court must consider all of the issues that were raised in the Commission proceedings. Because the content and nature of the Petition for Judicial Review were sufficient, we hold that the circuit court correctly denied Griggs's motion to dismiss.

## II.

### Summary Judgment

Under Maryland's Workers Compensation Law, a covered employee must file his or her workers' compensation

claim "within 2 years after the date of the accidental personal injury," or "the claim is completely barred." *See* LE § 9–709(b)(3). There are, however, two separate but related notice conditions that may bar a claim even if it was filed within two years of the accidental injury:

- **Employee notice to employer.** An injured worker must notify his or her employer in writing of any accidental injury "within 10 days[.]" *See* LE section 9–704(b). A claimant's notice obligation may be excused or waived if the Commission finds "there was a sufficient reason for the failure to comply" or "the employer or its insurer has not been prejudiced by the failure to comply." *See* LE § 9–706(a)(1). If unsatisfied and unexcused, however, a claimant's failure to notify his or her employer of an accidental injury in accordance with section 9–704(b) "bars a claim" for workers' compensation. *See* LE § 9–709(b).

- **Employer notice to Commission.** The employer is required to report to the Commission any injury that "causes disability for more than 3 days or death[.]" *See* LE § 9–707(a). If the injured employee notifies his employer of such an injury, the two-year limitations period established by LE section 9–709(b)(3) "does not begin to run until the employer files" such a report. *See* LE § 9–708(b); *DeBusk v. Johns Hopkins Hosp.*, 105 Md. App. 96, 102–03, 658 A.2d 1147 (1995), *aff'd*, 342 Md. 432, 677 A.2d 73 (1996).

In the Commission, appellees raised as "contested issues" the separate defenses of lack of notice by Griggs to his employer and Griggs's failure to file his claim with the Commission within two years of his accident.

In granting Griggs an award of compensation, the Commission found that Griggs did give C & H notice of his injury. Although it is undisputed that Griggs did not file his workers' compensation claim within two years of his accident, the Commission made no finding as to whether Griggs's claim is barred by LE section 9–709(b)(3). Indeed, the Commission's

list of issues on which the hearing was held did not mention the two-year limitations period.

Appellees moved for a rehearing, arguing that, notwithstanding Griggs's notice to C & H, he filed his claim too late as a matter of law. They asserted that the Commission erred in failing to enforce LE section 9–709(b)(3). The Commission issued a one-sentence order denying the rehearing motion, without further explanation.

On *de novo* review in the Circuit Court for Baltimore City, appellees moved for summary judgment on the ground that the claim was not filed within two years of the accident, that they did not waive this "limitations defense" at the Commission hearing, and that the Commission erred as a matter of law in failing to rule the claim barred by LE section 9–709(b)(3). In their view, "[e]ven with the focus of the [Commission] hearing being on the issue of notice, the statute of limitations issue was still a viable argument," and there was ample evidence in the Commission record on which that could be decided.

The circuit court found Griggs's failure to file his claim within the two year period dispositive. Stating simply that it had reviewed the pleadings and considered the oral argument, the court granted summary judgment in favor of appellees.

Griggs challenges that decision, arguing that "the limitations issue was not appealable [because] it was withdrawn by [a]ppellees" at the May 21, 2004 Commission hearing. Appellees counter that the two-year limitations defense was not withdrawn.

■ "Statutes of limitations are not ordinarily jurisdictional, and are generally waivable[.]" *Kim*, 350 Md. at 536, 714 A.2d 176. The debate over whether appellees waived their limitations defense centers on what happened at the Commission hearing. Because each side interprets those events so differently, we present the relevant portions of that transcript.

At the outset of the hearing, the Commissioner asked, "What's the issue?" Counsel for appellees responded: "We're

questioning notice, **and statute of limitations."** (Emphasis added.) The Commissioner immediately inquired about the limitations defense.

The Commissioner: **First, as to the statute of limitations, what is the employer/insurer's position?**

[Counsel for Appellees]: **The position is that, although he's claiming a date of accident of January 2nd, '02, he didn't notify his employer until November of 2003.**

The Commissioner: **So it's not limitations, you're claiming notice?**

[Counsel for Appellees]: **Notice, yes.**

The Commissioner: And you feel the . . . employer has been prejudiced by the failure to notify?

[Counsel for Appellees]: Yes, your Honor. Actually, I have someone from the employer who will testify today.

The Commissioner: Let me understand it, then. As to notice, you're claiming the employer was not notified until when?

[Counsel for Appellees]: Until November 5th of 2003.

The Commissioner: And why were they prejudiced, allegedly, because of this failure to notify?

[Counsel for Appellees]: Because they weren't notified until late 2003, there was no way they could evaluate how this happened, or investigate how this happened, as well as they have no records that this ever occurred.

The Commissioner: Thank you. Mr. Goldstein[?]

[Counsel for Griggs]: Yes, Your Honor. Notice was provided on the date of the accident. Mr. Griggs will testify that his supervisor was notified within 15 minutes of it occurring. . . . (Emphasis added.)

Griggs then testified that, while working on the roof of a hospital, a co-worker dropped his end of a four by two foot slab of concrete that weighed approximately 150 pounds. Griggs picked it up and carried it about 60 feet, then dropped it off the roof. His right shoulder hurt that day, and he reported it to his supervisor. Crew members helped Griggs

carry his tool bags, and he was assigned light duty work. There was no written report made of the incident until after Griggs filed his workers' compensation claim in February 2004.

Griggs left C & H about six months after the injury, in June of 2002. Having no medical insurance, Griggs treated the injury himself, until December 2002, when he went to see a doctor due to continuous and increasing pain. Over the next 10 months, X-rays and an MRI revealed a cyst and a possible labral tear.

The C & H officer responsible for workers' compensation claims testified on behalf of appellees. The Commissioner asked this witness several questions about the company's record-keeping and incident reporting practices. When counsel for appellees began to question the witness about records concerning Griggs's work schedule in January 2002, the witness replied:

[C & H Secretary/Treasurer]: When I was notified of this I looked back at the attendance record for the time involved. At that time he really didn't even give me a specific date of the accident. It was just narrowed down that it happened the first week of January.

The Commissioner: Did he work on January 2nd?

[C & H Secretary/Treasurer]: Yes, but ... there isn't any time missed [in the records] either the end of '01 or in January of '02, either. . . . He worked. He did not miss any time. . . .

The Commissioner: Mr. Goldstein, how do you derive January 2nd, 2002 occurrence?

[Counsel for Griggs]: From Mr. Griggs, your Honor.

The Commissioner: Only from Mr. Griggs?

[Counsel for Griggs]: Yes. . . .

Griggs construes the Commissioner's silence regarding limitations as an implicit decision that appellees withdrew or waived any limitations defense they may have had. In addition to citing the colloquy above, Griggs points to the Commis-

sioner's "decision notes," which show that the Commissioner wrote the word "Limitations," then crossed it out, leaving only the word "notice." Alternatively, Griggs contends, there is a material dispute as to whether appellees are estopped to assert limitations given that C & H sent him two letters leading him to believe that it would file his claim with the Commission.

■■■■ We conclude, based on counsel's assertion that appellees were denying only notice, the Commission's silence about limitations, and its denial of a rehearing on the limitations issue, that the Commission implicitly ruled that appellees waived their limitations defense. "[A]n implicit decision by the Commission is one that, in the logical process of disposing of the proceeding, the Commission encountered and resolved, although without explicit mention of it in the record." *Trojan Boat Co. v. Bolton,* 11 Md.App. 665, 671, 276 A.2d 413 (1971). "[T]he presence of evidence before the Commission ... may well be a sign-post indicating a certain specific issue was implicitly decided[.]" *Id.* at 672, 276 A.2d 413. Thus, when a question that has been duly presented to the Commission "is not logically moot," when there is sufficient evidence in the record to answer that question, and when the answer is necessarily inconsistent with an award of compensation, then we infer that the Commission implicitly decided the issue. *See id.* at 671–72, 276 A.2d 413 (reviewing cases).

Here, the Commission's finding that Griggs gave notice of his injury did not moot the separate question of whether Griggs's claim is barred by the two-year limitation period in LE section 9–709(b)(3). Moreover, because Griggs testified that he felt and reported pain immediately on the date of the accident (approximately January 2, 2002), and that he regularly experienced diminished working capacity thereafter, there was sufficient evidence before the Commission to establish that Griggs's claim was not filed within two years after the accident. In these circumstances, the Commission's award to Griggs, and its silence regarding limitations, indicate that the Commission implicitly decided that the defense had been

waived. This conclusion is supported by the Commissioner's handwritten notes, in which "limitations" is crossed out in the Commissioner's handwriting.

The next question, therefore, is whether the circuit court erred in considering the two-year limitations period after the Commission decided that the limitations defense had been waived. We hold that it did not, because the circuit court was required to decide whether Griggs filed his workers compensation claim within the two year period prescribed by LE section 9–709(b)(3).

An ordinary procedural statute of limitations must ... be pleaded by the defendant's answer or it shall be deemed waived. [But a] limitation period ... [that] is stipulated in the very statute giving rise to the cause of action may limit the right to maintain the action as well as the remedy. **If the period of limitation is part of the substantive right, the burden is on the plaintiff to prove that the action was initiated within the prescribed time period.**

*Anderson v. Sheffield,* 53 Md.App. 583, 586, 455 A.2d 63 (1983)(emphasis added). *See Blocher v. Harlow,* 268 Md. 571, 581, 303 A.2d 395 (1973).

The description of a filing period as a "statute of limitations" is not dispositive on the question of who has the burden of proof. Even a filing deadline so identified by statute may be "part of the substantive right" to sue. For example, Maryland courts have held that limitation periods in wrongful death and paternity statutes are "condition[s] precedent to the right to maintain the action," so that "the statute[s] impose[ ] a limitation on the plaintiff's substantive right to maintain [the] action[.]" *Slate v. Zitomer,* 275 Md. 534, 542, 341 A.2d 789 (1975), *cert. denied sub nom. Gasperich v. Church,* 423 U.S. 1076, 96 S.Ct. 862, 47 L.Ed.2d 87 (1976); *Anderson,* 53 Md.App. at 586–87, 455 A.2d 63. *See Morrell v. Williams,* 279 Md. 497, 505, 366 A.2d 1040 (1976); C.J.S. *Limitations* § 359.

LE section 9–709 governs "claim applications" for the type of "accidental personal injury" Griggs asserts. Sub-

section 9–709(b)(3) states that, even if the employee complies with the requirement to notify the employer within 60 days of the accident, nevertheless, **"if a covered employee fails to file a claim within 2 years after the date of the accidental personal injury, the claim is completely barred."** (Emphasis added.) "Ordinarily, a time limitation is deemed a condition precedent if it is fixed in the statute that creates the cause of action, whereas a statutory time limitation must be pleaded as the affirmative defense of statute of limitations if the cause of action was previously cognizable either at common law or by virtue of another statute." *Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 143 (2nd Cir.1998). Worker's compensation remedies are purely statutory in Maryland. *See* Richard P. Gilbert & Robert L. Humphries, Jr., *Maryland Worker's Compensation Handbook* § 1.0 (2 ed.) (1993 & Supp. 2001).

Accordingly, we construe the two year filing deadline in LE section 9–709(b)(3) as a condition precedent to Griggs's claim. *Cf. Anderson*, 53 Md.App. at 587, 455 A.2d 63; CJS *Limitation* § 359. As a condition precedent, it cannot be waived. As a result, even if the Commission considered the two year limitations defense to have been withdrawn, the circuit court was obligated to determine whether Griggs filed his claim within the two year period.

In reviewing the Commission's decision, the court had authority to base its de novo decision regarding compensation either on "matters covered by the issues raised and decided below **or on relevant matters as to which there was evidence."** *Pressman v. State Accident Fund*, 246 Md. 406, 415, 228 A.2d 443 (1967)(emphasis added). Here, limitations was relevant as a complete defense, asserted by the employer in its contesting issues, and re-asserted at the outset of the Commission hearing.

To be sure, the Commission's award to Griggs had the effect of shifting, from Griggs to appellees, the burden of proving that Griggs failed to file within two years of his accident. *See* LE § 9–745(b); *Baltimore County v. Kelly*, 391 Md. 64, 75–75,

891 A.2d 1103 (2006). Moreover, as the party moving for summary judgment, the employer also had the burden of proving there is no factual dispute material to determining whether Griggs met the filing deadline. *See Kelly,* 391 Md. at 73–74, 891 A.2d 1103. But these burdens do not deprive the circuit court of its authority to conduct a de novo review of relevant issues on which there was evidence presented to the Commission. We hold that the circuit court did not err in considering whether Griggs's claim is barred under LE section 9–709(b)(3).

This conclusion brings us, finally, to the ultimate question presented by this appeal: Did the circuit court err in granting summary judgment? We hold that it did not.

Appellees satisfied their burden of proving that Griggs failed to file his claim within two years of his accident. *See id.* at 75–76, 891 A.2d 1103. Specifically, appellees established, through the Commission record and Griggs's admissions in response to their summary judgment motion, that Griggs did not file his claim within two years of his accident. Indeed, the "limitations problem" is apparent on the face of Griggs's claim, which was filed on February 20, 2004, but reports "the date of injury" as "01/02/02."

Griggs has never disputed that he missed the two year deadline. Instead, he asks that his failure to file within the limitations period be excused under LE section 9–709(d)(1). That subsection provides that, "[i]f it is established that a failure to file a claim in accordance with this section was caused by fraud or facts and circumstances amounting to an estoppel, the covered employee shall file a claim with the Commission within 1 year after … discovery of the fraud" or "the date when the facts and circumstances that amount to estoppel ceased to operate."

The circuit court was required to determine whether appellees are entitled to summary judgment on estoppel. In support of their motion, appellees cited Maryland law that a worker cannot rely on his employer to file a worker's compensation claim on his behalf, unless the employer said or did

something that induced the employee not to file in the belief that the employer would do so. *See DeBusk,* 105 Md.App. at 103, 658 A.2d 1147. In opposing summary judgment, Griggs could not rely upon the Commission's decision to create a material factual dispute on that issue, because the Commission did not consider or decide whether appellees are estopped to invoke the bar of limitations. This distinguishes Griggs from the successful claimant in *Baltimore County v. Kelly,* 391 Md. 64, 79–80, 891 A.2d 1103 (2006), who was entitled to rely on the Commission's decision to defeat summary judgment.

In that case, the employer challenged an award to the employee in a *de novo* circuit court action, arguing that the Commission's decision should be overturned because the case involved a complex medical question on causation and the employee failed to "produce medical testimony to connect the need for surgery and treatment to the employment-related accident." *Id.* at 72, 891 A.2d 1103. The Court of Appeals assumed *arguendo* that causation was a complex medical question requiring expert medical evidence, but concluded that the Commission's decision was supported by sufficient evidence to create a material factual dispute on summary judgment. *See id.* at 80, 891 A.2d 1103. Writing for the Court, Judge Harrell explained that the medical evidence presented by the employee "gave rise to permissible inferences from which the Commission could rationally" conclude that causation existed. *See id.* at 77, 80, 891 A.2d 1103.

But the *Kelly* Court also recognized that a circuit court has a challenging task "in providing deference to the Commission's decision, yet undertaking its own critical review[.]" *Id.* at 76, 891 A.2d 1103. The Court acknowledged that the statutory presumption of correctness will not relieve successful claimants from their burden of production in every case:

"The provision that the decision of the Commission shall be "prima facie correct" and that the burden of proof is upon the party attacking the same **does not mean, therefore, that if no facts are established before the Commission sufficient to support its decision, that there is any burden of factual proof on the person attacking it, for the**

**decision of the Commission cannot itself be accepted as the equivalent of facts which do not exist.** . . . On the other hand, where the decision of the Commission involves the consideration of conflicting evidence as to essential facts, or the deduction of permissible but diverse inferences therefrom, its solution of such conflict is presumed to be correct, and the burden of proof is upon the party attacking it to show that it was erroneous."

*Id.* at 76–77, 891 A.2d 1103 (quoting *Moore v. Clarke*, 171 Md. 39, 45, 187 A. 887 (1936))(emphasis added).

This case demonstrates when a claimant may not rely upon the Commission's decision to oppose summary judgment. In contrast to the causation issue in *Kelly*, which was resolved by the Commission, the Commission in this case did not resolve the estoppel issue. The Commission's decision here is not premised on a finding that appellees are estopped by their conduct from invoking the two year limitations period. Because estoppel was never considered by the Commission, the circuit court cannot logically treat the Commission's decision as evidence of estoppel. For that reason, the Commission's decision here does not provide Griggs with evidence to oppose the motion for summary judgment.

Instead, Griggs rests his estoppel claim on two letters from the employer/insurer:

On December 15, 2003, Ms. Parker, a claims adjuster for the Employer/Insurer, sent Claimant a letter stating in pertinent part, "I am the adjuster assigned to handle the referenced workers compensation claim. Enclosed please find an Employee's Claim form that you should complete and **return to our office** . . . ." (Emphasis added.) In compliance with Ms. Parker's letter, Appellant completed and returned the Employee's Claim form to Ms. Parker. This is evidenced by the [handwritten] date on the claim form of December 30, 2003. Furthermore, on January 20, 2004, Appellant received a letter from Universal Medical Exams, Inc. stating that Appellees had arranged for him to be examined on February 12, 2004. . . . Based on these two (2)

letters, Appellant believed: (1) Appellees would file his claim with the Commission; (2) his claim was timely and (3) his claim was being handled by Appellees. When the aforementioned letters and all reasonable inferences therefrom along with [LE] § 9–709(d) are viewed in . . . the light most favorable to Appellant, a dispute of material fact exists regarding the limitations issue and whether Appellant's claim was timely.

In order to establish estoppel under LE section 9–709(d), on the basis of representations made by an employer/insurer, a workers' compensation claimant must produce evidence that he actually and reasonably relied upon the representation. *See, e.g., Cumberland Motor Sales v. Hilliker*, 210 Md. 70, 74, 122 A.2d 329 (1956)(evidence that employer advanced $20 to employee to get a back brace did not raise jury issue as to whether failure of employee to file compensation claim within time prescribed by law was induced or occasioned by facts and circumstances amounting to an estoppel of the employer and insurer); *Patapsco & Back Rivers R.R. Co. v. Davis*, 208 Md. 149, 152, 117 A.2d 566 (1955)(the circuit court's duty is to determine whether there is sufficient evidence for the jury to decide estoppel question). Curiously, Griggs did not support his estoppel defense by affidavit or testimony. Instead, he asks us to infer from the letters themselves that the reason he did not file his claim with the Commission by the deadline of January 2, 2004, is that he actually believed C & H would file a claim on his behalf. We do not agree that these letters are sufficient to raise that inference.

The January 20, 2004 letter advising Griggs that the insurance adjuster scheduled him for a medical exam could not possibly have induced Griggs to believe his employer or its insurer would file a timely claim on his behalf. As a simple matter of "calendar math," Griggs did not rely on this letter in missing the filing deadline because the letter was not written until after the two year period expired. Even if it had been sent within the two year period, mere treatment by a physi-

cian paid by the employer, by itself, does not establish estoppel for purposes of LE section 9–709(d). *See Dunstan v. Bethlehem Steel Co.*, 187 Md. 571, 575, 51 A.2d 288 (1947).

■ In contrast, we agree with Griggs that the December 15, 2003 letter arguably could induce a reasonable belief that C & H or its insurance adjuster would file Griggs's claim with the Commission. A fact finder could reasonably draw this inference from the enclosure of a Workers Compensation Commission Claim form, with the explanation that it "is required by the Maryland Workers Compensation Commission Act in order for compensation benefits to be payable," and instructions that the completed form should be "return[ed] to [the insurance adjuster's] office."

■ Nevertheless, we conclude that the letter itself is not sufficient to establish that Griggs actually believed that his former employer or its insurer would file his claim with the Commission. An employer does not have a duty to file a claim on behalf of its injured employee. *See DeBusk*, 105 Md.App. at 103, 658 A.2d 1147.

■ Even assuming *arguendo* that the December 15, 2003 letter *could have induced* Griggs to believe that his former employer and/or its insurer would file a workers compensation claim on his behalf, we cannot overlook the complete lack of admissible evidence that this letter *in fact induced* Griggs to hold such a belief.[1]  To oppose summary judgment on estoppel

---

1.  Our opinion was first filed on June 1, 2006.  Griggs asks us to reconsider our decision, arguing that we erred by "shift[ing] the burden of producing undisputed facts" from appellees to him.  In his view, it is "inconsistent to hold that a reasonable person could have relied on the letter to his or her detriment but refuse[] to draw the inference that [Griggs] did actually have such a reliance."  He argues that, because "there is no evidence refuting appellant's actual reliance on the letter," he cannot be required to produce evidence of actual reliance in order to survive the motion for summary judgment.  We do not agree.

Estoppel under LE section 9–709(d)(1) requires proof of actual reliance.  *See, e.g., Patapsco & Back Rivers R. Co. v. Davis*, 208 Md. 149, 156, 117 A.2d 566 (1955)(" 'Whatever may be the real intention of the party making the representation, it is absolutely essential that this representation ... should be believed and relied upon as the induce-

grounds, Griggs rather easily could have offered an affidavit stating that he sent the claim form back to the insurance adjuster after signing it on December 30, in the belief that it would be filed with the Commission in the next three days (before the two year filing period expired). The circuit court was entitled to infer from Griggs's failure to submit such evidence that he declined to offer such a statement under oath. In the absence of any admissible evidence that Griggs actually believed that his former employer or its insurer would file his claim with the Commission, we shall affirm the judgment.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

ment for action'") (citation omitted). Although appellees had the summary judgment burden of establishing that Griggs did not rely on them to file his claim, they satisfied that burden by pointing to established law that an employer is not obligated to file a worker's compensation claim on behalf of its employee. *See DeBusk v. Johns Hopkins Hosp.*, 105 Md.App. 96, 103, 658 A.2d 1147 (1995), *aff'd*, 342 Md. 432, 677 A.2d 73 (1996). The Commission's decision does not constitute evidence of estoppel, for reasons discussed above. Griggs did not present any evidence that he construed the December 15, 2003 letter as an offer to file his claim and that he did not file the claim because of that offer. We therefore deny the motion for reconsideration.