## SAFEWAY STORES, INC. *v.* LINDA L. ALTMAN

[No. 156, September Term, 1982.]

*Decided August 11, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Robert C. Erlandson* for appellant.

*Barry M. Chasen,* with whom were *Ashcraft & Gerel* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

In this case, the Circuit Court for St. Mary's County was requested to, and did, enforce a proposed workmen's compensation settlement agreement prior to approval by the Workmen's Compensation Commission (Commission). Upon appeal by the employee, the Court of Special Appeals reversed on the basis that the circuit court had no authority to "require settlement of a Workmen's Compensation case entered into without the approval of the Workmen's Compensation Commission. . . ." *Altman v. Safeway Stores,* 52 Md. App. 564, 571, 451 A.2d 156, 160 (1982). We granted certiorari in order to consider a matter of public importance.

For reasons to be discussed herein, we shall affirm the intermediate appellate court.

The facts giving rise to this case are basically uncontroverted. After the Commission held, in October, 1979, that Linda Altman had sustained an accidental injury arising out of and in the course of her employment with Safeway Stores, Inc. (Safeway), and that her disability was the result of the accidental injury, Safeway appealed to the Circuit Court for St. Mary's County. Shortly before trial, the parties entered into an oral settlement agreement which was to be reduced to writing and submitted to the Commission for its approval pursuant to Maryland Code (1957, 1979 Repl. Vol., 1980 Cum. Supp.), Art. 101, § 52.[1] Accordingly,

---

1. "§ 52. Compromise and settlement.

At any time after a claim for compensation under this article has been filed with the Workmen's Compensation Commission by any claimant, the said claimant and/or his or her dependents may, with the approval of the Commission, enter into an agreement with the employer or insurer of such employer or with the Subsequent Injury Fund providing for a final compromise and settlement of any and all claims which the said employee or his or her dependents might then or thereafter have under the provisions of this article, upon such terms and conditions as the Commission shall, in its discretion, deem proper. Any such settlement when approved by the Com-

trial was postponed. Subsequently, the employee, learning that any future medical expenses would not be paid for by her husband's insurance company, concluded she would not go through with the settlement and thus refused to sign the written agreement.[2]

Upon being so advised, the employer filed a motion to enforce the agreement in its appeal case in the circuit court. The trial judge, following a hearing on this motion, concluded that since the court had the case on appeal, it had jurisdiction over all issues therein. Nevertheless, he remanded the matter to the Commission for an *advisory* opinion "to determine whether or not the settlement agreement [wa]s fair and reasonable under the circumstances of this case and should be approved or disapproved." A hearing was subsequently held by the Commission, following which it ruled, in effect, that the Commission could not force Mrs. Altman to sign the settlement agreement. Because it was perceived the Commission had misconstrued the issue before it on remand, counsel for the employer communicated with the Commission pointing out the issue as presented by the court's order. Thereafter, the Commission modified its previous order as follows:

"After further consideration, the Commission has concluded to modify its Order dated September 28, 1981 to add the following issue:

Whether or not the settlement agreement is fair and reasonable under the circumstances of this case and should be approved or disapproved.

---

mission shall be binding upon all parties thereto, and no such settlement shall be effective unless approved by the Commission. Any final compromise and settlement of a claim between the claimant or his or her dependents and the employer and insurer shall also preclude the right of the claimant or his dependents to proceed against the Subsequent Injury Fund on the claim, unless the Commission specifically orders otherwise. Upon death, any balance payable under such final compromise and settlement shall be an asset in the hands of the personal representative of the deceased party to such final compromise and settlement."

2. The agreement provided in part that the employer would not be responsible for any such future medical expenses.

> The Commission finds on the issue presented that the answer is 'Yes' as the settlement agreement was fair and reasonable.
>
> It is, therefore, this 29 day of October, 1981, by the Workmen's Compensation Commission ORDERED that the above entitled case be held for further consideration until further action is taken in this case; subject to the provisions of the Workmen's Compensation Law of Maryland."

Armed with this modified order, the employer sought and obtained a supplemental hearing on its motion. The trial judge, "relying upon the expertise of the Commission", concluded that the agreement was fair and reasonable to both parties and entered judgment in favor of Mrs. Altman pursuant to the agreement.[3]

Safeway argues that the Workmen's Compensation Commission had approved the settlement within the meaning of section 52 by answering "Yes" to the issue presented and, accordingly, the circuit court did not err in enforcing the agreement. On the other hand, Mrs. Altman contends that there was not a binding agreement as "the settlement agreement was never before the Commission for approval. . . ."

We agree with Mrs. Altman that there was not a binding agreement. It is well established that "[o]ne of the essential elements for formation of a contract is a manifestation of agreement or mutual assent by the parties to the terms thereof; in other words, to establish a contract the minds of the parties must be in agreement as to its terms." *See Klein v. Weiss,* 284 Md. 36, 63, 395 A.2d 126, 141 (1978), and cases cited therein. Moreover, "[w]here both parties know and understand that a writing is not to ripen into a contract until the happening of a condition precedent . . . , acts of the parties may not be interpreted as an assent to the writing." 17 Am. Jur.2d, *Contracts* § 24 (1964) (footnote omitted). *See*

---

3. The judgment was subsequently modified to reflect the method of payment thereof as provided in the purported agreement.

*also Lemlich v. Board of Trustees,* 282 Md. 495, 502, 385 A.2d 1185, 1189 (1978) ("there must exist an offer by one party and an unconditional acceptance of that precise offer by the other . . . before a binding agreement is born"); *L & L Corporation v. Ammendale,* 248 Md. 380, 384, 236 A.2d 734, 736 (1968) ("where there is a conditional acceptance or a counteroffer a contract is not made").

In the instant case, it is patent that Mrs. Altman's acceptance of the settlement was *conditioned* upon approval by the Commission. First, section 52 clearly provides that the Commission must approve any settlement upon such terms and conditions as it shall deem proper and that any such agreement is not effective until the Commission has approved it. The rationale for these statutory provisions is "to prevent advantage being taken of a claimant's possible ignorance of his rights or of his best interests." *See Hanley v. Mulleneaux,* 192 Md. 592, 597, 65 A.2d 325, 327 (1949). Second, by paragraph 4 of the proposed, but unsigned, agreement, the parties themselves made clear that the agreement was not binding until approved by the Commission. Thus at the time the circuit court asked the Commission for an "advisory opinion," there was simply no binding agreement between the parties. Moreover, because the condition was not fulfilled, the right to enforce the proposed agreement did not exist. *See* 5 S. Williston, A Treatise on the Law of Contracts § 663 (3d ed. 1961). It follows, therefore, that the circuit court erred in enforcing the proposed settlement agreement. Several of our sister jurisdictions who have considered this issue have reached a similar result. *See, e.g., Rogers v. Concrete Sciences, Inc.,* 394 So.2d 212, 213 (Fla. Dist. Ct. App. 1981) (lump sum settlement agreement between an employer-carrier and claimant is not final and enforceable until or unless it has been approved by Deputy Commissioner; either party may withdraw from agreement prior to approval); *Jasmin v. Gafney, Inc.,* 357 So.2d 539, 540-41 (La. 1978) (where statute provides that workmen's compensation compromise must be approved by court upon joint petition verified by all parties, there is no

settlement absent compliance with such procedure); *Gross v. National Health Enterprises, Inc.,* 582 S.W.2d 379, 380 (Tenn. 1979) (workmen's compensation settlement agreement not approved by court pursuant to statute is not binding and enforceable); *Sanchez v. Liberty Mutual Insurance Co.,* 570 S.W.2d 44, 46 (Tex. Civ. App. 1978) (reh'g denied) (workmen's compensation settlement agreements are void absent approval pursuant to statute).

Accordingly, we shall affirm the Court of Special Appeals albeit for different reasons.

> *Order of Court of Special Appeals affirmed; costs to be paid by appellant.*