622 A.2d 140

**B. FRANK JOY COMPANY, et al.**

v.

**Benjamin ISAACS.**

**No. 394, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

March 31, 1993.

David O. Godwin, Jr. (Joseph S. Michael and Montedonico, Hamilton & Altman, P.C., on the brief), Frederick, for appellants.

Steven M. Nemeroff (Wortman, Nemeroff & Bulitt, on the brief), College Park, for appellee.

Argued before GARRITY, WENNER and DAVIS, JJ.

GARRITY, Judge.

In this matter we shall be concerned with the question whether the employer/insurer in a workers' compensation proceeding may unilaterally rescind an Agreement of Settlement and Compromise signed by the parties and submitted to the Workers' Compensation Commission for approval pursuant to Article 101, Section 52, of the Annotated Code of Maryland.

## BACKGROUND

On April 4, 1984 Benjamin Isaacs, appellee, suffered injuries in the course of his employment with appellant, the B. Frank Joy Company. Appellee thereafter filed a claim with the Workers' Compensation Commission to recover disability benefits.

After several hearings before the Commission on matters unrelated to this appeal, the parties entered into settlement negotiations. On July 1, 1990, the parties signed a document entitled "Agreement to Compromise and Settlement" (hereinafter "the Agreement"), which the parties then submitted to the Commission for approval pursuant to Article 101, § 52 of the Annotated Code of Maryland. The Commission thereafter set a hearing for September 10, 1990 to consider the agreement.

On September 2, 1990, eight days prior to the Commission's hearing on the Agreement, the claimant unexpectedly died of causes unrelated to the injury underlying his workers' compensation claim. At the hearing on the efficacy of the Agreement, appellants[1] unilaterally sought to rescind it. After a full hearing on the issue, the Commission

---

1. Zurich American Insurance Company was also a party to the agreement and is an appellant in this matter.

determined that the appellants could not withdraw from the Agreement, found the Agreement to be proper and ordered it approved. The Commission thereafter denied appellants' Motion for Rehearing. Appellants then appealed the Commission's ruling to the Circuit Court for Montgomery County. The parties filed motions for summary judgment and, after hearing arguments, the court (Ferretti, J.) granted appellee's motion and affirmed the Commission's decision approving the agreement and ordering its enforcement. In so holding, the court made the following findings:

> I looked at the agreement. This is an agreement of compromise and settlement, and I look at it as an agreement with a condition subsequent.
>
> The condition is that it is not going to be effective unless they [Commission] approve. Once they approve, then it is a done deal.

## QUESTION PRESENTED

The question before us is whether an employer/insurer may, without cause or justification, rescind an Agreement of Compromise and Settlement that the employer/insurer and the claimant have signed and jointly submitted to the Workers' Compensation Commission for approval pursuant to Article 101, § 52, of the Annotated Code of Maryland.[2]

## ANALYSIS

The issue presently before us is a question of law rather than one of fact. As the appellants have appealed from the trial court's ruling upon motions for summary judgment based upon non-disputed facts, we may substitute our conclusions of law for those of the trial court. *Sica v. Retail Credit Company,* 245 Md. 606, 227 A.2d 33 (1967).

\* \* \* \* \* \*

---

2. Article 101, § 52 has been transferred, without substantive change, to Labor and Employment Article § 9–722.

Under Maryland law, an Agreement of Settlement and Compromise arrived at between the insurer/employer and a claimant must be submitted for approval by the Workers' Compensation Commission. The relevant statute provides:

At any time after a claim for compensation has been filed with the Workmen's Compensation Commission by any claimant, the said claimant and/or his or her dependents may, with the approval of the Commission, enter into an agreement with the employer or insurer of such employer, with the Subsequent Injury Fund, or the Uninsured Employers Fund providing for a final compromise and settlement of any and all claims which the said employee or his or her dependents might then or thereafter have under the provisions of this article, upon such terms and conditions as the Commission shall, in its discretion, deem proper. Any such settlement when approved by the Commission shall be binding on all parties thereto, and no such settlement shall be effective unless approved by the Commission. Md.Ann.Code art. 101, § 52 (Workers' Compensation Law of Maryland, 1987 edition).

On July 1, 1990, the parties executed an Agreement of Compromise and Settlement. The preamble of the agreement stated that the parties "have reached an agreement providing, subject to the approval of the Commission, for a compromise and settlement of this claim." Paragraph 5 of the agreement stated in part:

5. This Agreement is made subject to approval of the Commission, and when so approved shall immediately become effective and binding upon all of the parties hereto.

Appellants argue that they may withdraw from the settlement agreement with or without cause prior to the Commission approval on several different grounds. Citing *Hanley v. Mulleneaux*, 192 Md. 592, 65 A.2d 325 (1949), *Safeway Stores v. Altman*, 296 Md. 486, 463 A.2d 829 (1983) and numerous decisions in other jurisdictions, appellants contend that signed settlement agreements submitted to the Commission for approval are merely "proposed settlement

agreements" from which either party may withdraw at any time prior to Commission approval. Specifically, appellants argue that Commission approval is a condition precedent to the existence of a contract. Appellants also contend that the purported contract in this case was void for lack of consideration because, appellants maintain, appellee (as claimant) had the right to withdraw from the contract.

Appellee, on the other hand, argues that there is no authority in Maryland that authorizes an employer/insurer arbitrarily to rescind, without cause or justification, a signed agreement submitted to the Commission for approval, and that such an action is contrary to the purpose and intent of Maryland workers' compensation law and contrary to accepted principles of contract law.

The circuit court determined that Commission approval of the agreement was a condition subsequent to the agreement between the parties and on that basis ruled that the appellants had no right to rescind the agreement. The court rejected appellants' contention that a claimant can rescind an agreement and an employer/insurer should have the same power of recision by noting that the workers' compensation statute exists to protect the claimant, not the company.

\*     \*     \*

The settlement of litigation has long been a favored method of resolving disputes in Maryland. In *McClellan v. Kennedy*, 8 Md. 230, 248 (1855), quoting from 1 Story's Eq. secs. 131, 132, the Court said:

> If compromises are otherwise unobjectionable they will be binding, and the rights will not prevail against the agreement of the parties, for the right must always be on one side or the other, and there would be an end of compromises if they might be overthrown upon any subsequent ascertainment of right contrary thereto. The doctrine of compromises rests on this foundation.

The importance and enforceability of settlement agreements was more recently addressed by the Court of Ap-

peals in *Clark v. Elza,* 286 Md. 208, 406 A.2d 922 (1979), where Judge Eldridge observed:

> Moreover, it is logical to hold that executory accords are enforceable. An executory accord is simply a type of bilateral contract. As long as the basic requirements to form a contract are present, there is no reason to treat such a settlement agreement differently than other contracts which are binding. This is consistent with the public policy dictating that courts should "look with favor upon the compromise or settlement of law suits in the interest of efficient and economical administration of justice and the lessening of friction and acrimony." *Chertkof v. Harry C. Weiskittel Co.,* 251 Md. 544 [248 A.2d 373] (1968), *cert. denied* 394 U.S. 974 [89 S.Ct. 1467, 22 L.Ed.2d 754] (1969).

*Id.* 286 Md. at 219, 406 A.2d 922.

■ In keeping with this longstanding public policy favoring settlement agreements, it is well established under Maryland law that when a consent judgment is reduced to a writing, signed, and submitted to the court for approval, the court may sign the consent judgment even if prior thereto one party tries to rescind the agreement. *Chernick v. Chernick,* 327 Md. 470, 610 A.2d 770 (1992). In *Chernick,* Judge Chasanow, writing for the Court of Appeals, observed:

> While the parties do not have the ability to independently modify an existing court decree, they do have the power to make a valid agreement to modify the decree subject to the court's approval. An agreement made subject to the court's approval is analogous to a contract subject to a condition. "A condition is an event, not certain to occur, which must occur, unless its nonoccurrence is excused, before performance under a contract becomes due." Restatement (Second) Contracts § 224 (1981). Even when a condition must occur before performance is due, the contract is no less binding than one made without a condition. Consequently, if parties stipulate to terms embodied in a proposed consent order, the fact that a court must

approve and sign the order does not affect the parties' ability to reach a valid agreement.

*Id.* at 482, 610 A.2d 770.

■ We view appellants' attempt to rescind the settlement agreement in the case *sub judice,* as directly analogous to the situation that arises when a party attempts to rescind a consent judgment filed with the court for its approval. As in *Chernick,* the parties in the case at bar signed the settlement agreement and jointly submitted it for approval. The fact that the settlement was submitted to the court in *Chernick* and to the Commission in the case at bar is, in our view, an irrelevant distinction. None of appellants' arguments, which we address below, dissuade us from holding that an insurer/employer may not, without sufficient cause[3], unilaterally rescind a signed settlement agreement submitted to the Commission for approval.

\* \* \*

Appellants rely heavily on the Court of Appeals holdings in *Safeway* and *Hanley* for the proposition that either party to a settlement agreement in a worker's compensation case may, for any reason and at any time prior to Commission approval, unilaterally rescind a signed settlement agreement which has been jointly submitted to the Commission for approval.

Appellants cite *Hanley* for the proposition that settlements concluded prior to Commission approval are void, as the idea behind the workers' compensation statute is to prevent the parties from making their own settlements without the Commission's supervision.[4] Had the parties in

---

3. Appellants do not argue that there existed sufficient cause to rescind an otherwise valid agreement.

4. As quoted by appellants, the Hanley Court interpreted the purpose of the Workers' Compensation Act as follows:

    One purpose of the enactment of the Workers' Compensation Act was to relieve the State and the taxpayers from the necessity of caring for those injured in extra hazardous work (Preamble to Chap. 800, Acts 1914), and the achievement of this purpose, as well

the present case attempted to enter into an agreement settling the claim that did not contemplate approval by the Commission, we would agree with appellants that such an agreement would be of no effect. It is clear, however, that the parties in the present case agreed to settle the case subject to Commission approval. As a result, the agreement clearly required supervision by an agency of the State and is therefore not violative of the holding in *Hanley*.

As to appellants' reliance upon *Safeway*, we believe that such reliance is misplaced because of important factual distinctions between *Safeway* and the case *sub judice*. The Court's holding in *Safeway* was premised, in large part, on the fact that there was no binding agreement between the parties. The Court held that there was no binding agreement because the claimant, who was seeking to rescind the agreement, never signed the agreement and the agreement was never jointly submitted to the Commission for approval. In the case at bar, however, both parties signed the agreement and the parties jointly submitted the agreement to the Commission for approval. In signing the agreement and jointly submitting it for approval the parties in the present case evidenced a clear intent to be bound by the agreement subject to Commission approval. Such intent was lacking in *Safeway* and, accordingly, the Court concluded that the claimant's "acceptance" of the settlement was conditioned upon approval by the Commission.

We do not accept appellants' contention that the wording of the agreement and the statute necessitates a holding that the agreement was totally without effect and either party remained free to rescind the agreement for any reason prior to Commission approval. The preamble to the agreement stated that the parties had "reached an agreement" and the agreement plainly stated that the "agreement is made subject to approval of the Commission, and when so approved

---

as the proper care of those so injured, make it necessary to prevent the parties from making their own settlements without supervision by an agency of the State. (*Hanley*, 192 Md. at 597, 65 A.2d 325.)

shall become immediately effective and binding upon all parties thereto." We agree with the circuit court's finding that the agreement contemplates that Commission approval or disapproval is a condition subsequent to the agreement between the parties.

Due to the existence of the condition subsequent, the agreement was not *enforceable* until Commission approval. Indeed, under the workers' compensation statute the parties were barred from entering into an immediately enforceable agreement. The inability of the parties to enter into an immediately enforceable and binding agreement does not, however, bar the parties from entering into a binding agreement to settle the matter contingent upon Commission approval of the terms of the agreement. This is clearly the law in the case of a consent judgment filed with the court for approval. *Chernick*, 327 Md. at 482, 610 A.2d 770. We see no reason why parties to a settlement agreement in a workers' compensation case should be treated differently than parties to settlement agreements in other civil cases.

In sum, we believe that the settlement agreement in this case was not merely a "proposed settlement agreement" as appellants argue and as existed in the *Safeway* case. Rather, we view the settlement agreement in this case, which was signed by both parties and jointly submitted to the Commission for approval, as a binding agreement that was to become enforceable upon subsequent Commission approval, or, in the alternative, the agreement would become void upon Commission disapproval.

In *Safeway* the Court cited authority from several sister jurisdictions that suggest that a party to a workers' compensation agreement may withdraw from such an agreement prior to Commission approval. Appellants cite additional authority supporting the same proposition.[5] Given

---

5. Appellants note that appellee has failed to cite any authority holding that a settlement agreement is enforceable in the face of one party's attempted withdrawal prior to Commission approval. Our research has revealed at least two cases where an employer/insurer, following

the important factual distinctions between *Safeway* and the case *sub judice,* and the preference accorded settlement agreements under Maryland law, however, we do not view such authority by appellants as controlling in this case.

\* \* \*

Appellants argue in the alternative that even a narrow reading of the Court's holding in *Safeway* supports the proposition that a claimant in a workers' compensation case may unilaterally and without cause rescind a settlement agreement. Based upon this reading of the Court's holding, appellants conclude that a claimant's promises under the agreement are entirely worthless and amount to nothing more than an illusory promise that is not valid consideration for the agreement.

As discussed earlier, we take a narrow view of the Court's holding in *Safeway.* We do not agree that the Court held in *Safeway* that a claimant may, at any time prior to Commission approval, rescind a signed settlement agreement that has been submitted to the Commission for approval. Rather, we view the holding in *Safeway* as stating that where a settlement agreement is unsigned, either party may withdraw from a proposed agreement at any time prior to Commission approval. Indeed, we believe that this reading is consistent with Maryland law concerning consent judgments submitted for Court approval. In *Chernick,* for example, the Court noted that *there must be either continuing consent or a binding consensual contract to settle a case* when the Court takes action to approve or disapprove the agreement. *Chernick,* 327 Md. at 481, 610 A.2d 770. Since there was no signed agreement to settle the case in *Safeway,* the Commission was not free to approve the settlement if either party withdrew prior to approval. In the case *sub judice,* where the parties signed

the unrelated death of a claimant, was not allowed to unilaterally rescind a signed agreement in a workers' compensation case prior to Commission approval. *Oceanic Butler Inc. v. Nordahl,* 842 F.2d 773 (5th Cir.1988); and *Rojo v. Loeper Landscaping, Inc.,* 107 N.M. 407, 759 P.2d 194 (1988).

the agreement and submitted it to the Commission for approval, the Commission was free to approve the agreement despite the fact that one of the parties to the agreement sought to rescind it. *Chernick*, 327 Md. at 485, 610 A.2d 770.

As a result of the foregoing, we reject appellants' contention that the agreement was not supported by adequate consideration.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANTS.