989 A.2d 1221

**James F. DARBY, Personal Representative
of the Estate of James M. Darby**

v.

**MARLEY COOLING TOWER CO., et al.**

**No. 2242 Sept.Term, 2008.**

Court of Special Appeals of Maryland.

March 1, 2010.

Kenneth J. Coughlan (Law Offices of Anne Hoke, on the brief), Baltimore, MD, for appellant.

Joseph C. Tarpine (Semmes, Bowen, Semmes, on the brief), Baltimore, MD, for Appellee.

Panel: DEBORAH S. EYLER, WOODWARD and LAWRENCE F. RODOWSKY (Retired, Specially Assigned), JJ.

LAWRENCE F. RODOWSKY, Judge (Retired, Specially Assigned).

This appeal from the Circuit Court for Baltimore County is an action for judicial review of an administrative agency

decision,[1] in this case, the Workers' Compensation Commission (the Commission). Formally, the question presented is whether the circuit court erred in approving a voluntary dismissal of the appeal from the Commission by the appellees, Marley Cooling Tower Co. (Marley), the employer.[2] The employee and initial appellee in the circuit court was James M. Darby, deceased, whose successor is the appellant here, James F. Darby, as Personal Representative of the Estate of James M. Darby.[3] The underlying question of substance presented is whether Darby, without having appealed from the Commission decision, had an interest in Marley's maintaining its appeal so that Darby might obtain a partial reversal of the Commission's order.

Darby, a forty-one year old carpenter, suffered an injury on December 5, 2005, during the course of his employment with Marley. He was struck on the head by a 24' by 12" by 6" aluminum board used as a temporary work surface, which was dropped by a co-worker. After having been taken for medical attention on the day of the accident, he returned to work for a "light duty" assignment. The treatment at Concentra Medical Center showed tenderness at the C2 through C7 vertebra. A trapezius bilateral test was positive for pain, and x-rays showed a straightening and loss of the anterior cervical lordosis, which is suggestive of muscle spasm. The following day he went to the emergency room at Johns Hopkins Bayview medical facilities. Then, on December 20, he again went to the emergency room for pain related to the injury.

Darby filed a claim with the Commission on December 22, 2005, seeking temporary total disability (TTD) from December 6, 2005, and thereafter. The Commission's hearing was on

---

1. For brevity's sake, we shall refer to such actions as "Appeals."

2. The other appellant in the circuit court was Marley's insurer, Ace American Insurance. That company is also an appellee in this Court.

3. Unless otherwise specifically noted, in this opinion we shall refer to the interest adverse to Marley as "Darby," without distinguishing between the employee during his lifetime and his personal representative.

April 10, 2006. By its order of April 20, 2006, the Commission ruled in relevant part:

> "The Commission finds on the issues presented that the claimant sustained an accidental injury arising out of and in the course of employment on December 5, 2005, that the disability of the claimant is the result of the accidental injury. The Commission denies the claim for temporary total disability from December 6, 2005 to date and continuing. The Commission further finds that the employer and insurer shall pay causally related medical expenses in accordance with the Medical Fee Guide of this Commission."

Marley timely appealed from that order, alleging that the Commission "erroneously found that the Claimant sustained an accidental injury arising out of and in the course of employment [and erroneously] ordered the Employer and Insurer pay the causally related medical bills[.]" Although Marley had not been ordered to pay any compensation, its aggrievement with the Commission's order was its liability for future medical expenses. Marley elected a jury trial. Consistent with Maryland Rule 7–204(a), Darby responded by stating his intent to participate in the appeal.[4] Darby also elected a jury trial.

While the appeal from the Commission was pending, the parties agreed on a lump sum settlement. Darby, however, died on August 3, 2007, without having signed the settlement agreement, and consequently, without the Commission's having approved the settlement.[5] Marley advised Darby's counsel that it objected to having the personal representative

---

4. Rule 7 204(a) reads:

   "(a) **Who may file; contents.** Any person, including the agency, who is entitled by law to be a party and who wishes to participate as a party shall file a response to the petition. The response shall state the intent to participate in the action for judicial review. No other allegations are necessary."

5. Without the Commission's approval, the circuit court could not enforce the agreed settlement. See *Altman v. Safeway Stores, Inc.*, 52 Md.App. 564, 451 A.2d 156 (1982), *aff'd*, 296 Md. 486, 463 A.2d 829 (1983).

of Darby's estate sign the settlement agreement. Thereafter, inasmuch as Marley's principal concern prompting its appeal had been its continued exposure for medical expenses, a concern that was mooted by Darby's death,[6] Marley moved voluntarily to dismiss its appeal.[7] Following the submission of dueling memoranda by the parties, in the form of letters to the court clerk, the court (Souder, J.) dismissed Marley's petition, without prejudice. Within ten days, Darby moved "for reconsideration," including a request for a hearing on his motion. Marley opposed the motion. By order filed November 6, 2008, the court (Fader, J.) denied the motion.

Darby timely noted an appeal to this Court from that order. The appellant presents the following questions for review:

"1. Did The Circuit Court Err in Dismissing the Appeal Without the Appellant's Consent When the Appellant Had an Absolute Right to Have its Issues Heard Without the Necessity of Filing a Cross–Appeal?

"2. Did The Circuit Court Err in Rendering a Decision That was Dispositive of the Appellant's Claim for Tem-

---

**6.** There is no indication in the record that Darby incurred any medical expenses attributable to the accidental injury, that have not been paid by Marley. The cause of Darby's death was unrelated to the additional injury.

**7.** Maryland Rule 2–506, in relevant part, provides:

"(a) **By notice of dismissal or stipulation.** Except as otherwise provided in these rules or by statute, a party who has filed a complaint, counterclaim, cross-claim, or third-party claim may dismiss all or part of the claim without leave of court by filing (1) a notice of dismissal at any time before the adverse party files an answer or (2) by filing a stipulation of dismissal signed by all parties to the claim being dismissed.

"(b) **By order of court.** Except as provided in section (a) of this Rule, a party who has filed a complaint, counterclaim, cross-claim, or third-party claim may dismiss the claim only by order of court and upon such terms and conditions as the court deems proper. If a counterclaim has been filed before the filing of a plaintiff's motion for voluntary dismissal, the action shall not be dismissed over the objection of the party who filed the counterclaim unless the counterclaim can remain pending for independent adjudication by the court.

"(c) **Effect.** Unless otherwise specified in the notice of dismissal, stipulation, or order of court, a dismissal is without prejudice[.]"

porary Total Disability Benefits Without a Hearing in Violation of Maryland Rule of Procedure 2–311(f)?

"3.  Did The Circuit Court Err by Failing to Give the Appellant a 'Meaningful' Opportunity to be Heard prior to Depriving it of Property in Violation of the Appellant's Due Process rights under the United States Constitution?"

## I

Appeals of Commission orders are authorized by Maryland Code (1991, 2008 Repl.Vol.), § 9–737 of the Labor and Employment Article (LE). It reads in pertinent part: "An employer, covered employee, dependent of a covered employee, or any other interested person *aggrieved* by a decision of the Commission … may appeal from the decision of the Commission provided the appeal is filed within 30 days after the date of the mailing of the Commission's order[.]" (Emphasis added).

■ In his argument, Darby points out that, because a jury trial was prayed for the appeal, it is *de novo*. He cites *Esteps Elec. & Petroleum Co. v. Sager,* 67 Md.App. 649, 659, 508 A.2d 1032, 1037 (1986), where this Court stated that "the standard of review of the decision of the Workmen's Compensation Commission shall be by way of trial de novo.... [P]arties are free to adduce evidence additional to that produced before the Commission[.]" From this he concludes that he had "an absolute right to have [his] issues heard [in the circuit court] without the necessity of filing a cross-appeal." (Bold type altered). This proposition flows, submits Darby, from the nature of a *de novo* appeal from the Commission. He relies on a sentence in *Griggs v. C & H Mechanical Corp.,* 169 Md.App. 556, 564, 905 A.2d 402, 407 (2006), where this Court said that "the *de novo* nature of the action means that the circuit court must consider all of the issues that were raised in the Commission proceedings." In other words, Darby contends that Marley's petition, directed to its aggrievement over liability for medical expenses, brought before the circuit court,

without any cross-appeal by Darby, the Commission's rejection of compensation for Darby for TTD, over which Marley was not aggrieved.

The final step in Darby's argument is that Marley's appeal could not be dismissed without his consent, because a unilateral dismissal would violate the policy underlying Maryland Rule 2–506(b). See n. 7, *supra*.[8] Darby concludes that the circuit court abused its discretion in approving Marley's voluntary dismissal of its appeal.

In contrast, Marley relies on Rule 7–203(b), part of the Chapter that governs action for judicial review of an order or action of an administrative agency. *See* Rule 7–201(a). Rule 7–203(b) provides:

> "If one party files a timely petition [for appeal], any other person may file a petition within ten days after the date the agency mailed notice of the filing of the first petition, or within the period set forth in section (a), whichever is later."

Under a strict application of this rule, Darby would have to have cross-appealed in order to obtain a reversal of the Commission's denial of TTD benefits.

Marley, however, seems partially to agree with Darby as to the applicability of the *Griggs* case, *supra*. In its brief, Marley states:

> "The Appellee does not dispute that, in the event the instant case proceeded to trial in the circuit court, the Appellant could litigate any issues decided by the Workers' Compensation Commission in its Order of April 20, 2006, without filing its own cross-appeal. *See Griggs v. C & H Mechanical Corp.*, 169 Md.App. 556, 905 A.2d 402 (2006). However, neither this concession nor the *Griggs* case stand for the proposition that the Appellant has an independent right to proceed to trial on the Appellee's Petition for Judicial Review if the Appellee dismisses its appeal and the

---

8. Title 2 of the Maryland Rules "applies to civil matters in the circuit courts ... except as otherwise specifically provided or necessarily implied." Maryland Rule 1–101(b).

Appellant did not file a cross-appeal or Petition for Judicial Review of its own."

The appellee's position seems to be that, because the continued viability of Darby's claim for disability benefits rested totally on Marley's appeal, that claim was extinguished when Marley exercised its unilateral right voluntarily to dismiss its appeal.

We do not fully agree with either party's position. Each argument illustrates the unfortunately too common fallacy of failing to limit the language in a judicial opinion, in this instance, *Griggs*, to the context in which that language was employed. We explain.

In *Griggs*, the appeal to the circuit court was taken by the employer. It was aggrieved by the Commission's failure to hold that, and indeed, even expressly to decide, whether the claim was time barred by the claimant's not having filed a claim application with the Commission within two years from the date of the accident. The Commission awarded the claimant TTD by an order dated May 25, 2004, in which the Commission held that the claimant had given adequate notice of the accident to the employer. The employer requested a rehearing, specifically pointing out that there had been no decision on the "limitations" issue. By order of June 17, 2004, the Commission simply denied that motion, without explanation. The employer appealed to a circuit court, stating that it sought review of the June 17, 2004 order. The claimant moved to dismiss that appeal, contending that it was filed more than thirty days after the May 25 order and that the June 17 order did not grant or deny any benefit. It is against that background, and in the context quoted below, that the opinion in *Griggs* contains the language relied upon by Darby in the matter before us.

"Griggs posits that the citation of the June 17 order in the Petition for Judicial Review means that the May 25 order was not challenged. We disagree.... Griggs understood that the Commission's failure to address the limitations issue was the stated basis for both the motion for rehearing

and the Petition for Judicial Review. *Cf. Kim v. Comptroller of the Treas.*, 350 Md. 527, 539–40, 714 A.2d 176[, 181] (1998) (recognizing that pleading identifying administrative decision from which relief is sought may be held to substantially comply with content requirement of Md. Rule 7–202(c)). Moreover, the *de novo* nature of the action means that the circuit court must consider all of the issues that were raised in the Commission proceedings. Because the content and nature of the Petition for Judicial Review were sufficient, we hold that the circuit court correctly denied Griggs's motion to dismiss."

*Griggs*, 169 Md.App. at 564, 905 A.2d at 407. *Griggs* does not hold that an appeal pursuant to LE § 9–737, for possible reversal of a Commission decision, raises issues with respect to which the appellant is not aggrieved and makes available for reversal on appeal the Commission decision on issues with respect to which the adversary might be aggrieved, but did not cross-appeal.

If an appeal from the Commission, noted by a party who is aggrieved by a part of the Commission's decision, generated the type of omnibus review for which Darby contends, then there would be no need for the "midnight appeal" provision of Rule 7–203(b). There would be no need for a party, who is aggrieved by some but not all of the decisions by the Commission, to have the opportunity to defer a decision on whether to appeal depending upon whether the adversary notes an appeal. Under Darby's conception of a *de novo* appeal, the decision whether to note an appeal would be made by the adversary's appeal and there would be no need to consider a cross-appeal.

As Larson recognizes, "[t]he question of standing to appeal sometimes presents issues in compensation cases no different from those in appeal generally[.]" 8 Larson's Workers' Compensation Law § 130.08[1], at 130–89 (1998). The applicability of Larson's general statement to Rule 7–203(b) is demonstrated by the history of that rule. It was adopted by the Court of Appeals by an order filed December 8, 1992, as part of the 121st Report of the Standing Committee on Rules of Practice

and Procedure. The Reporter's Note to Rule 7–203 advises that "Section (b) provides for a petition by another party, by analogy to the cross-appeals in Title 8." Md. Register, Vol. 19, Issue 26 of Wed., Dec. 23, 1992, at 2278.

Title 8 of the Maryland Rules "applies to appellate review in the Court of Appeals and the Court of Special Appeals." Rule 1–101(h). Judge James R. Eyler, writing for this Court in *Archers Glen Partners, Inc. v. Garner*, 176 Md.App. 292, 933 A.2d 405 (2007), *aff'd*, 405 Md. 43, 949 A.2d 639 (2008), explained the scope of review in appeals from circuit courts.

> "Generally, a party in a proceeding in circuit court must file a timely notice of appeal to seek appellate review of the circuit court's judgment. When a party loses on an issue in circuit court but receives a favorable judgment on another ground, the party, as appellee, and without noting a cross appeal, may contend that the judgment be affirmed on the ground on which it lost at circuit court. See *Automobile Trade Ass'n of Maryland v. Harold Folk Enterprises, Inc.*, 301 Md. 642, 648–49, 484 A.2d 612[, 615] (1984). In the case before us, the circuit court's decision was to remand for further findings. Appellee's argument on appeal, that the evidence is legally insufficient to sustain the Planning Board's conclusion with respect to the growth limitation, does not constitute a ground for affirmance. Thus, a cross appeal was necessary to raise that issue."

*Id.* at 326 n. 1, 933 A.2d at 425 n. 1. Although Darby cites this footnote as supporting his position, it does not. Darby did not receive a favorable decision from the Commission on the issue of whether to award TTD benefits. He does not contend that the Commission's decision denying TTD should be affirmed. Consequently, to achieve that affirmative relief, a cross-appeal was required.

## II

Darby next argues that the circuit court should have honored his request for a hearing on his opposition to Marley's voluntary dismissal. Even if we assume that Darby was

entitled to a hearing, the error is harmless. We have ruled as a matter of law that Darby had no legally protected interest in the continuation of the appeal noted by Marley from the Commission's decisions on those issues with respect to which Marley was aggrieved.

### III

Darby's remaining argument asserts that he has been deprived of procedural due process. The United States Supreme Court, however, has stated that "[o]nly after finding the deprivation of a protected interest do we look to see if the State's procedures comport with due process." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 59, 119 S.Ct. 977, 989, 143 L.Ed.2d 130 (1999). As we held in Part II, *supra,* under Maryland law Darby had no protected interest in the continuation by Marley of its appeal.

For the foregoing reasons, we shall affirm.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED.**

**COSTS TO BE PAID BY THE APPELLANT.**