REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 6

September Term, 2013

_____

UNINSURED EMPLOYERS' FUND, ET AL.

v.

RONALD WHITE

_____

Berger,
Nazarian,
Eldridge, John C.*
    (Retired, Specially Assigned),

JJ.

_____

Opinion by Nazarian, J.

_____

Filed: October 3, 2014

* Judge Eldridge participated in the argument of
this case but did not participate in the decision.

In 2004, Ronald White injured his right ankle during the scope of his employment, and the Workers' Compensation Commission (the "Commission") awarded him disability benefits. In 2010, Mr. White began experiencing pain in his lower back and left ankle, and he sought to revise his claim with the Commission to connect those injuries to his earlier right ankle injury. The Commission found that Mr. White's *back* injury was causally related to his initial injury, but that his left ankle injury was not. The Uninsured Employers' Fund[1] (the "Fund") petitioned the Circuit Court for Anne Arundel County to review the Commission's decision to extend compensation to Mr. White's back injury, but not the Commission's decision to deny compensation for his left ankle injury. Mr. White did not file a timely cross-petition, but the circuit court nevertheless allowed him to challenge the Commission's decision as to his left ankle injury at trial, and the court ultimately reversed the Commission's decision in that respect.

As a prerequisite to any affirmative relief on his left ankle claim, Mr. White was required to file a timely petition (on this posture, a cross-petition) challenging that decision. Because he didn't, the circuit court did not have the left ankle decision before it, and the court erred in considering it. We reverse the judgment of the circuit court.

---

[1] Because Mr. White's employer, National Mold Specialists, LLC, did not have workers' compensation insurance, the Fund became responsible for any compensation awarded by the Commission. *See* Md. Code (1991, 2008 Repl. Vol.), § 9-1002 of the Labor & Employment Article.

## I. BACKGROUND

On January 12, 2004, Mr. White, then a molding inspector for National Mold Specialists, LLC, fractured his right ankle after falling accidentally in the course of inspecting a home. Mr. White applied for workers' compensation benefits, but because his employer did not maintain workers' compensation insurance, he also applied to the Fund for payment of any potential award. After holding a hearing on March 7, 2007, the Commission ordered the Fund to pay Mr. White temporary total disability and permanent partial disability.

In November 2010, Mr. White began additional treatment on his left ankle and lower back. His doctor opined that Mr. White's right ankle injury caused him to favor that ankle, causing compensatory pain in his left ankle and lower back. On December 21, 2010, Mr. White sought to revise his claim with the Commission, and contended that the injuries to his left ankle and back were causally related to his right ankle injury. The Commission considered Mr. White's claims during a hearing held on March 31, 2011 and, on April 26, 2011, entered an order setting forth two findings: *first*, that Mr. White's injury to his left ankle *was not* causally related to his initial right ankle injury, and, *second*, that his back injury *was* causally related to the earlier injury (the "Order").

On May 16, 2011, the Fund petitioned the Circuit Court for Anne Arundel County to review the Commission's Order. Pursuant to Maryland Rule 7-204(a), Mr. White filed his intent to participate in the Fund's petition on June 8, 2011. He did not file a cross-petition for judicial review until October 21, 2011. The Fund moved to dismiss Mr.

2

White's cross-petition on October 27, 2011, arguing that, as the non-appealing party, Mr. White was required to file a cross-petition within ten days of receiving notice of the Fund's petition and that Mr. White filed his petition more than five months after receiving notice. *See* Md. Rule 7-203. The circuit court dismissed Mr. White's cross-petition on November 21, 2011.

On February 5, 2013, the circuit court held a jury trial to review the Commission's Order. At the start of trial, the court confirmed that Mr. White had failed to file a cross-petition, but the parties disagreed as to the effect of that failure. The Fund argued that Mr. White was precluded from arguing that any portion of the Commission's decision should be reversed, while Mr. White argued that the *de novo* nature of the appeal permitted the jury to consider the full scope of the Commission's decision. The circuit court agreed with Mr. White:

> [COUNSEL FOR THE FUND]:  The issue that this case deals with is much later there was another hearing before the [Commission] and the issue was whether [Mr. White's] complaints to his back and left foot relate to his accident [on] January 12, 2004.
>
> The Commission found that his left foot complaints were not related and that issue was not appealed. The only issue before you—
>
> [COUNSEL FOR MR. WHITE]: Your Honor, I apologize for objecting to her opening, but I have to object.
>
> \*   \*   \*
>
> [COUNSEL FOR THE FUND]: The claimant's cross appeal was not pending was my understanding so then that issue is

3

final. So the only issue would be my appeal and I only appealed as to the—

[COUNSEL FOR MR. WHITE]: The petition is for all of the issues that were brought before the Commission[;] it is a *de novo* appeal. All of the issues that were decided by the Commission are going to be decided by the jury today. The petitioner does not get to pick and [choose] which issue that the jury gets to hear today, even if her cross appeal was denied, we . . . timely filed a notice of an intent to participate and as this is a *de novo* appeal, all of the issues [are] on the table today for Mr. White to argue.

\* \* \*

THE COURT: . . . Is [Mr. White] going to rely on the fact that you took an appeal, in other words, can he sit back and not file an appeal if he is satisfied with the fact that you took one?

[COUNSEL FOR THE FUND]: No. . . . If you are unhappy with the result, you have to file an appeal. If you don't, you are accepting the results.

[COUNSEL FOR MR. WHITE]: Your Honor, it would be just irreparable and reversible error if this Court allows the [Fund] to proceed on one issue and not on another, that is a *de novo* appeal and the case law is very clear. The only thing that the cross petition does is that . . . if the [Fund] were to withdraw the appeal before trial, Mr. White would have no ability to proceed with trial.

\* \* \*

THE COURT: I mean it seems like you are saying there would be an absolute obligation on their part to have filed an appeal if they wanted to litigate that issue, is that correct?

[COUNSEL FOR THE FUND]: There is.

THE COURT: Do you have a case that would say that?

[COUNSEL FOR THE FUND]: Not off the top of my head.

4

* * *

[COUNSEL FOR MR. WHITE]: . . . [T]he case law is very clear on that matter, Your Honor, I don't know the name of the case on the top of my head but the cross appeal does not introduce any additional issues to the jury, it cannot because as you suggested, it is a *de novo* appeal. *De novo* means exactly what it says it means.

And the cross petition simply would allow the [Fund] in this particular case to withdraw their appeal for today and in the event that had occurred, Mr. White would not have been able to force them to participate since we did not timely file a cross petition.

But now that we are here, the [Fund] cannot pick and choose the issues that are going to be decided for the order, but all of the issues in the order were—

[COUNSEL FOR THE FUND]: I don't think that is accurate. If . . . that is true, then I would have to prove even the issues that were favorable to me and add those to the lists of questions for the jury, even though I am only appealing on one issue. I am asking them to overturn part of the decision, not the whole decision.

[COUNSEL FOR MR. WHITE]: That is the risk inherent in appealing, Your Honor. The [Fund] cannot pick and [choose] the issues on appeals. It simply wouldn't be a *de novo* appeal.

* * *

THE COURT: Okay. All right, well I am going to rule in favor of the claimant on this. Based on my understanding of what it means to take a *de novo* appeal. And not having case law on point on either side, I am going to rule in favor of [Mr. White]. Okay.

Following a *de novo* trial on both issues, the jury affirmed the Order with respect to Mr. White's back injury (finding that it was causally related to his initial right ankle

5

injury) and reversed with respect to his left ankle injury (also finding a causal relationship). The Fund appeals.

## II. DISCUSSION

The Fund presents two questions on appeal:

1. Did the circuit court err by allowing Mr. White to challenge the Commission's [Order] after his cross-petition for judicial review was dismissed?

2. Did the circuit court err by failing to set forth the proper burden of persuasion in its instructions to the jury?

As we explain, Mr. White's failure to file a timely cross-petition precluded him from challenging the Commission's Order as to the causal relationship between his left ankle injury and his initial right ankle injury. The circuit court therefore erred in permitting him to raise such a challenge.[2]

Petitions for judicial review of Commission orders are authorized by Md. Code (1991, 2008 Repl. Vol.), § 9-737 of the Labor & Employment Article ("LE"), under which "'[a]n employer, covered employee, dependent of a covered employee, or any other interested person *aggrieved* by a decision of the Commission . . . may appeal from the decision of the Commission provided the appeal is filed within 30 days after the date of the mailing of the Commission's order.'" *Darby v. Marley Cooling Tower Co.*, 190

---

[2] As a result of this holding, we need not address the second point. And because the Fund has not challenged the portion of the judgment relating to Mr. White's back injury, no remand is necessary.

Md. App. 736, 741 (2010) (quoting LE § 9-737).[3] Once the Fund petitioned the circuit court to review the Commission's decision, Rule 7-203(b) provided Mr. White an opportunity to file a cross-petition:

> If one party files a timely petition [for judicial appeal], any other person may file a petition within ten days after the date the agency mailed notice of the filing of the first petition, or within the period set forth in section (a),[4] whichever is later.

*Id.*

Mr. White did not file a timely cross-petition, and the effect of this failure rests at the heart of this appeal. The Fund contends that, without a cross-petition, the circuit court was powerless to review the portions of the Commission's decision adverse to Mr. White. Mr. White counters that because the circuit court reviewed the Commission's decision *de novo*, it was required to consider every issue raised in the Commission proceeding. The Fund responds that Mr. White charts the boundaries of a *de novo* review in this context too broadly.

The parties' disagreement hinges on their differing interpretations of *Darby*, 190 Md. App. 736. Mr. White argues that our holding in that case—that a non-appealing party in an appeal to the circuit court from a Commission decision could not raise its own

---

[3] An appeal from a Commission decision may be initiated by "filing a petition for judicial review in accordance with Title 7 of the Maryland Rules." LE § 9-737(1).

4 Under Rule 7-203(a), Mr. White could have filed his cross-petition up to thirty days after the Commission mailed notice of its decision to the parties:

> Except as otherwise provided in this Rule or by statute, a petition for judicial review shall be filed within 30 days after the latest of:
>
> (1)      the date of the order or action of which review is sought; [or]
>
> (2)      the date the administrative agency sent notice of the order or action to the petitioner, if notice was required by law to be sent to the petitioner[.]

*Id.*

issues without filing a cross-appeal—was limited to circumstances in which the party appealing from the Commission decision voluntarily dismissed its appeal before proceeding to trial. The Fund argues that Mr. White's interpretation would render a party's failure to file a cross-appeal inconsequential, save for when the appealing party dismisses its appeal, and instead believes that our holding in *Darby* is applicable here. We agree with the Fund.

In *Darby*, the Commission ordered an employer, Marley Cooling Tower Co., to pay the future medical expenses of its former employee, James M. Darby, arising from a work-related injury, but denied Mr. Darby's claim for temporary total disability benefits ("TTD"). *Id.* at 739. Marley petitioned the circuit court to review the Commission's order as to future medical expenses. But Mr. Darby died while the appeal was pending, eliminating the possibility of future medical expenses, and Marley voluntarily dismissed its appeal. *Id.* at 739-40. Although neither Mr. Darby nor the personal representative of his estate (his son, James F. Darby[5]) filed a cross-petition, Mr. Darby moved for reconsideration of Marley's dismissal, arguing that he was entitled to challenge the Commission's order denying TTD. *Id.* at 740. The court denied the motion and Mr. Darby appealed. On appeal, he argued that "he had an absolute right to have [his] issues heard [in the circuit court] without the necessity of filing a cross-appeal" because "Marley's petition, directed to its aggrievement over liability for medical expenses, brought before the circuit court, without any cross-appeal by Darby, the Commission's rejection of

---

[5] All further references to Mr. Darby refer to James F. Darby, in his capacity as the personal representative of his father's estate.

8

compensation for Darby for TTD, over which Marley was not aggrieved." *Id.* at 741-42 (internal quotation marks omitted). In support, Mr. Darby relied on *Griggs v. C & H Mechanical Corp.*, 169 Md. App. 556 (2006), where we stated "that 'the *de novo* nature of the action means that the circuit court must consider all of the issues that were raised in the Commission proceedings.'" *Darby*, 190 Md. App. at 741 (quoting *Griggs*, 169 Md. App. at 564). Despite this seemingly helpful language, we concluded that *Griggs* did not apply. *Id.* at 743 ("[Mr. Darby's] argument illustrates the unfortunately too common fallacy of failing to limit the language in a judicial opinion, in this instance, *Griggs*, to the context in which that language was employed.").

An overview of *Griggs* illustrates why that case, and specifically the language on which Mr. Darby relied (and, as we explain, Mr. White), does not address the necessity of a cross-appeal here. In *Griggs*, an employee sought workers' compensation from his employer, C & H Mechanical ("C & H"). Before the Commission, C & H argued that Mr. Griggs's claim had been filed outside the applicable two-year limitations period, but the Commission did not address this argument and entered an order granting Mr. Griggs's claim. *Griggs*, 169 Md. App. at 561-62. After the Commission denied C & H's motion to reconsider the limitations issue, C & H petitioned the circuit court to review that denial. *Id.* at 562. Before the circuit court, Mr. Griggs moved to dismiss C & H's appeal, arguing that because C & H did not appeal from the initial order addressing the substance of his claim, the circuit court could not review the Commission's substantive decisions. *Id.* At the same time, C & H moved for summary judgment, again arguing that Mr. Griggs's

9

claim was filed outside of the applicable limitations period. The circuit court denied Mr. Griggs's motion to dismiss and granted C & H's motion for summary judgment. Mr. Griggs appealed to this Court. *Id.* While addressing Mr. Griggs's motion to dismiss, we concluded that C & H's petition for judicial review encompassed both orders entered by the Commission. *Id.* at 563-64. And because both orders were before the circuit court, we held that the circuit court appropriately denied Mr. Griggs's motion to dismiss because "the *de novo* nature of the action means that the circuit court [was required to] consider all of the issues that were raised in the Commission proceeding." *Id.* at 564. Put differently, we employed this language to explain that because C & H had properly petitioned the circuit court to review the Commission's decision, the court was required to examine each issue with respect to which C & H was aggrieved, including limitations.

Turning back to *Darby*, Mr. Darby attempted to employ the above statement from *Griggs* regarding *de novo* appeals to circumstances not present in *Griggs*. Specifically, in *Darby*, both parties were aggrieved to some extent by the Commission's decision. In *Griggs*, on the other hand, only C & H was aggrieved; Mr. Griggs prevailed *in toto* before the Commission and had no reason to challenge its decision. Mr. Darby asked us to hold, on the basis of *Griggs*, that even as the non-appealing party, "he had an absolute right to have his issues heard in the circuit court without the necessity of filing a cross-appeal." But in *Griggs*, with no Commission decisions adverse to the non-appealing party, we could not and did not decide whether a circuit court must review Commission decisions adverse to the non-appealing party when that party does not file a cross-appeal. *Darby*,

10

190 Md. App. at 743-44. In turn, we rejected Mr. Darby's interpretation of *Griggs*, observing that *Griggs* could not be stretched to enable his challenge:

> *Griggs* does not hold that an appeal pursuant to LE § 9-737, for possible reversal of a Commission decision, raises issues with respect to which the appellant is not aggrieved and makes available for reversal on appeal the Commission decision on issues with respect to which the adversary might be aggrieved, *but did not cross-appeal*.

*Id.* at 744 (citing *Griggs*, 169 Md. App. at 564). We described Mr. Darby's argument as an example of "failing to limit the language in a judicial opinion in this instance, *Griggs*, to the context in which that language was employed." *Id.* at 743.

Despite our rejection of Mr. Darby's interpretation of *Griggs*, Mr. White relies on the *exact* same language as Mr. Darby had. To distinguish his appeal from *Darby*, Mr. White keys on the fact that the Fund has not voluntarily dismissed its appeal before trial:

> *Darby* did not change the definition of "*de novo*" or its application in workers' compensation appeals, rather, this Court was concerned with expanding its definition to allow one party to force another to participate in an appeal that has been dismissed. Doing so would mean that "the decision whether to note an appeal would be made by the adversary's appeal and there would be no need to consider a cross-appeal." *Darby*, 190 Md. App. at 745.
>
> In the case at bar, had the Fund voluntarily dismissed its appeal before trial, Mr. White would have been powerless to force the Fund to maintain its appeal. *[Id.]* Absent a dismissal, once the Fund entered its petition for judicial review, and the trial commenced, the *de novo* nature of the action, per the clear text of [LE § 9-745(d)] commanding that any questions of fact involved in the case are submitted to the jury, means that the circuit court must consider all of [the] issues that were raised in the Commission's proceeding. *Griggs*, 169 Md. App. at 564. The trial court therefore

11

correctly allowed Mr. White to have any finding by the Commission relitigated at trial.

But Mr. White's attempt to connect an appealing party's voluntary dismissal to the non-appealing party's obligation to cross-appeal also tracks an argument that was both raised and rejected in *Darby*:

> Marley . . . seems partially to agree with Darby as to the applicability of the *Griggs* case. In its brief, Marley states:
>
>> *"[Marley] does not dispute that, in the event the instant case proceeded to trial in the circuit court, [Mr. Darby] could litigate any issues decided by the Workers' Compensation Commission in its Order of April 20, 2006, without filing its own cross-appeal. See Griggs*[, 169 Md. App. 556]. However, neither this concession nor the *Griggs* case stand for the proposition that [Mr. Darby] has an independent right to proceed to trial on [Marley's] Petition for Judicial Review if [Marley] dismisses its appeal and [Mr. Darby] did not file a cross-appeal or Petition for Judicial Review of its own."
>
> [Marley's] position seems to be that, because the continued viability of Darby's claim for disability benefits rested totally on Marley's appeal, that claim was extinguished when Marley exercised its unilateral right voluntarily to dismiss its appeal.

*Darby*, 190 Md. App. at 742-43 (emphasis added). Like Mr. Darby's interpretation of *Griggs*, we attributed Marley's position to the "fallacy of failing to limit the language [in *Griggs*] to the context in which that language was employed." *Id.* at 743.

Our holding in *Darby* also demonstrates that an appealing party's dismissal is not material to the viability of a non-appealing party's right (or not) to raise issues on appeal.

Had we agreed with Marley that its voluntary dismissal, combined with Mr. Darby's failure to cross-appeal, precluded Mr. Darby from raising issues before the circuit court, we could easily have affirmed the circuit court's refusal to hear his issues on that basis alone. Instead, we rejected Marley's interpretation of *Griggs* and affirmed the circuit court's decision solely on the basis of Mr. Darby's failure to file a cross-appeal. *Id.* at 744-45.

In *Darby*, to determine whether the circumstances necessitated a cross-appeal, we drew from *Archers Glen Partners, Inc. v. Garner*, 176 Md. App. 292 (2007), *aff'd*, 405 Md. 43 (2008), a case in which we addressed the necessity of a cross-appeal under Rule 8-202(b), the rule governing cross-appeals to this Court and the Court of Appeals.[6] We explained that "[w]hen a party loses on an issue [before the Commission] but receives a favorable judgment on another ground, the party, as appellee, and without noting a cross-

---

[6] In *Darby*, we established a parallel between Rule 7-203(b), which applies to appellate review of administrative agency decisions in the circuit court, and Rule 8-202(e) through a review of the history of Rule 7-203(b):

> "[T]he question of standing to appeal sometimes presents issues in compensation cases no different from those in appeal generally[.]"  8 Larson's Workers' Compensation Law § 130.08[1], at 130–89 (1998). The applicability of Larson's general statement to Rule 7-203(b) is demonstrated by the history of that rule. It was adopted by the Court of Appeals by an order filed December 8, 1992, as part of the 121st Report of the Standing Committee on Rules of Practice and Procedure. The Reporter's Note to Rule 7-203 advises that "Section (b) provides for a petition by another party, by analogy to the cross-appeals in Title 8."  Md. Register, Vol. 19, Issue 26 of Wed., Dec. 23, 1992, at 2278.

*Darby*, 190 Md. App. at 744-45.

appeal, *may contend that the judgment be affirmed on the ground on which it lost [before the Commission]*." *Darby*, 190 Md. App. at 745 (emphasis added) (quoting *Archers Glen*, 176 Md. App. at 326 n.1). In other words, a cross-appeal is *not* required for the circuit court to revisit an issue decided by the Commission against the non-appealing party that, if decided in that party's favor, would support *affirmance* of the Commission's decision. Conversely, a cross-appeal *is* required for the circuit court to revisit an issue decided by the Commission against the non-appealing party that, if decided in that party's favor, would require that the circuit court *reverse or vacate* at least a portion of the Commission's decision.

Both *Archers Glen* and *Darby* demonstrate this point. *First*, in *Archers Glen*, the circuit court evaluated an appeal from an administrative agency and remanded the case to the agency for further findings. 176 Md. App. at 326 n.1. An appeal was noted and, before this Court, the appellant argued that the circuit court erred in remanding the case. *Id.* at 325-26. The appellee, without filing a cross-appeal, argued in response "that the evidence [was] legally insufficient to sustain the [administrative agency's conclusion]." *Id.* at 326 n.1. If the appellee was permitted to raise that argument and we agreed, we would have *vacated* the circuit court's decision and ordered a reversal of the agency's decision. But we concluded that without filing a cross-appeal, the appellee could only argue "ground[s] for affirmance" of the circuit court's decision. *Id.* Instead, we held that to obtain the affirmative relief he sought, the appellee was required to file a cross-appeal. *Id. Next*, in *Darby*, the Commission ordered Marley to pay Mr. Darby's future medical

14

expenses but denied Mr. Darby's claim for TTD. After Marley appealed, Mr. Darby argued that the circuit court was required to determine his entitlement to TTD, despite his failure to file a cross-appeal. *Darby*, 190 Md. App. at 741-42. However, relying on *Archers Glen*, we held that the circuit court correctly declined to consider that issue because "[Mr.] Darby did not receive a favorable decision from the Commission on the issue of whether to award TTD benefits," and "[h]e does not contend that the Commission's decision denying TTD should be affirmed." *Id.* at 745. Instead, Mr. Darby sought a reversal of that portion of the Commission's decision, and, as such, we held that "to achieve that affirmative relief, a cross-appeal was required." *Id.*

As in *Darby* and *Archers Glen*, Mr. White seeks affirmative relief in the absence of a cross-appeal. The Commission decided that Mr. White's back injury was causally related to his initial right ankle injury but that his left ankle injury was not. After the Fund appealed, Mr. White argued that the circuit court was required to address the Commission's decision as it related to his left ankle injury, despite his failure to file a cross-appeal. Like Mr. Darby, Mr. White did not receive a favorable decision on that issue, and because the circuit court found in his favor, the circuit court would need to reverse that portion of the Commission's decision to grant him the relief he requested. But to obtain affirmative relief, Mr. White first was required to file a cross-appeal, and without one, the circuit court was not permitted to review the Commission's findings relating to the causal relationship between his left and right ankle injuries. The circuit court's failure to tailor its review accordingly was in error.

15

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED. COSTS TO BE PAID BY APPELLEE.**